No. 2221.—STATE OF LOUISIANA on the relation of EDWARD PINAC *v.* W. S. MOUNT, TREASURER, and J. O. LANDRY, CONTROLLER CITY OF NEW ORLEANS.

The Controller of the city of New Orleans may be compelled by a writ of mandamus to warrant on the City Treasurer for bills which he has approved. Mandamus is the proper remedy to compel a ministerial officer to perform purely ministerial acts. C. P. 834, 835, 844; 15 An. 334.

The Treasurer of the city of New Orleans cannot be compelled by a mandamus to pay a warrant not yet drawn by the Controller.

APPEAL from the Fifth District Court, parish of Orleans. *Léau-mont, J. H. J. Leovy,* City Attorney, for appellants. *Hays & New,* for relator, appellee.

WYLY, J. This is a proceeding by mandamus to compel the Controller to issue warrants and the Treasurer to pay them, in discharge of certain registered claims against the city held by the relator, which have been duly authenticated and approved by the Controller.

The defendants denied generally the allegations of the relator, especially that he owns the registered bills, and aver that he has no right to proceed by mandamus, having a remedy by the ordinary mode.

The only evidence adduced was the registered bills made part of the petition.

From a judgment rendering the mandamus peremptory, the defendants have appealed.

The facts are not contested. The only question to determine is, has the relator the right to proceed by mandamus against these officers of the corporation of New Orleans? Have they refused to discharge a ministerial duty in declining to comply with the demand of the relator?

The duties of the Controller and Treasurer are defined in the thirtieth and thirty-first sections of the act amending an act "to consolidate the city of New Orleans, and to provide for the government and administration of its affairs," approved twentieth of March, 1856. (Acts 1856, p. 136.

By said sections it appears to be the duty of the Controller to audit all claims against the city, and the Treasurer to pay on the warrant of the Controller all claims authorized by the Council.

The defendants do not allege that the claims held by the relator are unjust, and not authorized by the Council.

The approval thereof by the Controller establishes their correctness.

Then was it the duty of these officers to issue the warrants and pay them as required by the relator? We think so.

These officers administer the finances of the corporation, receive its revenues and discharge its debts. The law has prescribed the mode of settling claims against the corporation, and has designated the duties to be performed by its officers. The Controller, J. O. Landry, in

refusing to issue the warrants has evidently failed to perform his duty, and the relator has resorted to a remedy provided by law.

A mandamus is the proper remedy to compel a ministerial officer to perform purely ministerial acts. C. P. 834, 835, 844; 15 A. 334, and the authorities there cited.

This case cannot be distinguished from that of Shaw v. Huvell, and another, 18 A. 195, where a mandamus was made peremptory, compelling the Controller to issue and the Treasurer to pay a warrant to the sheriff on a voucher approved by the clerk and the Judge of the First District Court of New Orleans for certain fees and expenses incurred in criminal proceedings. The principle involved is identical.

But we do not consider that the mandamus should be made peremptory against W. S. Mount, Treasurer; he cannot be charged with failure of duty in refusing to pay the registered bills of the plaintiff. He could only pay them on the warrants of the Controller, which plaintiff did not have to present to him. A mandamus cannot be addressed to him to pay warrants to be issued. The writ will only lie to compel him to perform a duty which he has unlawfully failed to discharge.

It is therefore ordered that so much of the judgment as renders the mandamus peremptory against W. S. Mount, Treasurer, be avoided and annulled; that as to him the mandamus be set aside, and the petition dismissed; and that in every other respect the judgment appealed from be affirmed.

It is ordered that plaintiff pay costs of this appeal.