No. 2109.—Mrs. MARY E. HOWELL *v.* THE ST. CHARLES STREET RAILROAD COMPANY.

| | |
|---|---|
| 22 | 603 |
| 49 | 1586 |
| 22 | 603 |
| 111 | 396 |
| 22 | 603 |
| 113 | 736 |
| 22 | 603 |
| 117 | 401 |

If the verdict of the jury, in awarding damages against a street railroad company for the infliction of an injury through the gross negligence of a street car driver, is sustained by the testimony in the record, as well for the amount given as for the liability, the Supreme Court will not enter on an examination of the question whether vindictive damages have any place in the law of Louisiana, where the principal is made liable only for the neglect of his agent. But in such a case the verdict of the jury, being sustained by the evidence in the record, will be affirmed on appeal.

APPEAL from the Sixth District Court, parish of Orleans. *Cooley*, J. *Race, Foster & E. T. Merrick*, for plaintiff and appellee. *Breaux & Fenner*, for defendant and appellant.

This case was tried by a jury in the court *a qua*.

HOWE, J. The plaintiff sues to recover damages for personal injuries sustained through the negligence of a driver of one of the defendant's cars. It appears that, being a passenger, she gave the usual signal for stopping, and the car was stopped; but while she was

getting out, and was standing with one foot in the car and the other on the step, the driver let up his brake and started suddenly and rapidly forward, in such a way as to fling the plaintiff down on the square block pavement with such violence as to fracture her thigh and inflict other severe injuries. At the time of the accident she was upwards of sixty years of age, a widow dependent on her business of keeping boarders for a livelihood. Besides the shock to her system and the suffering she has undergone, she has been made a cripple, having been unable since the knitting of the broken bone to walk without a crutch. She has also been put to large expenses for surgical attendance, nursing and medicines.

The defense was a general denial. The cause was tried by a jury, who rendered a verdict in favor of plaintiff for six thousand dollars, and after an ineffectual effort for a new trial the defendant has appealed.

The testimony in the record fully sustains the verdict. It happened that two medical men were in the car at the time of the accident. Both saw it and agree as to its cause—the gross carelessness of the driver, which one attributes to intoxication. One of these witnesses the defendant sought to contradict by showing that he had elsewhere made a different statement of the circumstances; but there was no attempt to shake the testimony of the other, and the latter corroborates the former in every important particular. The driver was not produced. Whether he was unaware of the accident or sought to escape blame by a rapid retreat, we are unable to say. We only learn that he did not stop after the plaintiff was thrown down, but drove swiftly on, and was soon out of sight in the dusk of the evening.

The defendant reserved two bills of exceptions to the charge of the judge below, raising questions of the effect of article 2299 of the Civil Code; of the amount of care which the defendant is, by law, required to exercise; and as to whether vindictive damages have any place in the law of Louisiana where a principal is made liable only for the neglect of his agent. These questions are interesting and important, and the last has been a subject of animated discussion in this court in former years. But we do not conceive it necessary to pass on them as presented in this case. Under our system of appeals the whole testimony is brought up and the entire case is before us on its merits. When, therefore, as in this case, the pleadings and evidence fully sustain the verdict, it would be a vain thing to remand the cause merely that another jury might render a verdict precisely similar under different notions of the liabilities of carriers. We do not say that the charge excepted to was erroneous, but, even admitting that it was, we may say, in the language of the court in Lowe v. Korner, 4 La., 76, " this court has never gone so far as to remand a cause for speculative errors on the part of the judge who tried it, which had

not practically an influence on the verdict." It can make no difference what may be the exact effect of article 2299 of the Civil Code, or the exact amount of care required from a carrier, when from the pleadings and evidence it plainly appears that the defendant is responsible by reason of gross neglect. It can make no difference what may be the true rule in regard to vindictive damages, when it is plain, from pleadings and testimony, that the verdict for damages was a just one, and no more than simply reparatory in amount. No improper evidence was received, no proper evidence rejected. As Judge Martin said in Maurin v. Fostin, 6 Martin, 498, "it is useless for us to take into consideration the propriety of a charge of an inferior court to the jury when the whole facts are spread upon the record."

Judgment affirmed.

Rehearing refused.