No. 2353.—STATE OF LOUISIANA ex rel. D. SCULLY et al. v. CANAL AND CLAIBORNE STREETS RAILROAD COMPANY.

A mandamus will not lie to compel a board of directors of a street railroad company to collect an installment due by the subscribers on the stock of the company, where, by a clause in the charter of the company, they have vested in them a discretion as to the time and the manner of making the collection.

As a general rule the writ of mandamus will not lie to compel an officer or a company to do an act coming within the range of their duties where the law or the charter under which they act has vested in them a discretion to do or not to do it.

APPEAL from the Fifth District Court, parish of Orleans. *Leaumont,* J. *Hornor & Benedict,* for relators, appellants. *H. D. Ogden,* for defendants and appellees.

WYLY, J. The relators have appealed from the decision of the court below on a rule *nisi,* refusing to grant the writ of mandamus sought by them in this case.

The complaint is that the officers of the corporation known as the Canal and Claiborne Streets Railroad Company fail or refuse to discharge their ministerial duty; that they refuse to collect from the subscribers of stock the balance due by them, amounting in the aggre-

gate to $175,000, although the said corporation is largely in debt; that if the said subscriptions were collected there would be funds sufficient to discharge the liabilities of said corporation; that the relators are agrieved and prejudiced by this failure of duty, because they hold each one hundred shares of capital stock of said company, which was given them as part of the price of the sale of the right of way now enjoyed by said company ; that in transferring to the said corporation the right of way for a street horse railroad on Claiborne and other streets, acquired by relators and others from the city of New Orleans, it was stipulated that they and their co-owners should receive "five hundred shares of the capital stock of the Canal and Claiborne Streets Railroad Company, said shares considered as fully paid, to enjoy all the privileges and advantages of an equal number of shares paid in full, and to be exempt from any and all calls, tax or assessments whatsoever;" that the relators were each to be stockholders of a hundred shares, considered paid up, and the capital stock of said company was to be $600,000, whereas the capital stock of said company is now but $425,000, thus diminishing the value of their shares; that the profits are being exhausted in paying the interest on the debt of $150,000, which the company owes, and this deprives the relators of their share of its earnings; that if the said cash subscriptions were paid up it would be sufficient to pay the debt aforesaid, and the relators would thereby receive their share of the earnings of said company.

The prayer of the petition is that a writ of mandamus be issued to said Canal and Claiborne Streets Railroad Company, its president, directors and officers commanding it, him and them to proceed at once to the collection of the unpaid subscriptions to its capital stock, amounting to $175,000, and in the event of the refusal of the subscribing stockholders to pay the balance of their subscriptions, to proceed to the forfeiture of their stock in accordance with the provisions of the charter of said company, and with the funds so realized that the said president, directors and officers proceed as speedily as possible to the cancellation of the debts of said company.

The defense is:

*First*—That the petition discloses no cause of action to authorize the remedy.

*Second*—That were the allegations true the relators have other remedies.

*Third*—That the amounts to be paid and the times of payment are, by the charter and the agreement signed by the relators, left to the discretion of the Board of Directors.

We think the last objection fatal to the pretentions of the relators.

Article four of the charter of this company provides that: "The

State ex rel. Scully et al. v. Canal and Claiborne Streets Railroad Company.

capital stock of this corporation is hereby fixed at $600,000, represented by six thousand shares of one hundred dollars each; five per cent. of each subscription shall be payable at the signing of these articles, and the balance shall be paid at such times and in such amounts or installments as the Board of Directors may order; provided, that not more than ten per cent. of said subscription shall be called for oftener than once within every thirty days. Should any subscriber refuse or neglect to pay punctually his installment or installments as the same may mature and fall due, interest thereon at the rate of eight per cent. per annum shall be added thereto from maturity till payment, and if any subscriber neglect or refuse to pay his installment or installments within thirty days after the specified time of payment, the Board of Directors reserve to themselves the right of causing any share or shares upon which any installment may be due, to be sold at public auction or otherwise, after ten days previous notice to such delinquent subscriber."

We think the amount to be collected by the corporation from its subscribers, and the time of payment thereof is left by the article of its charter just quoted, to the discretion of the Board of Directors. It is well settled that the writ of mandamus will not lie to compel the officers of a corporation to perform a discretionary act. See State, ex rel. Mahan, v. Dubuclet, State Treasurer, and authorities there cited, lately rendered. Also, the State, ex rel., Bonnabel v. Police Jury, parish of Jefferson, lately rendered. State, ex rel., Burnett v. H. C. Warmoth et als.

It is therefore ordered that the judgment of the court a qua rejecting relator's application be affirmed with costs.