No. 9329.

GERVAIS LÈCHE VS, POLICE JURY OF JEFFERSON PARISH ET AL.

An injunction is not the appropriate remedy to prevent a police jury from employing an attorney in its suit, even where the law provides that the district attorney shall represent it in such suits—the less so, whe e the latter claims for himself exclusively the salary allowed to the employed attorney, who is not made a party to the action.

APPEAL from the Twenty-sixth District Court, Parish of Jefferson. *Hahn, J.*

*A. E. Billings* for Plaintiff and Appellee.

*S. S. Carlisle* and *J. D. Coleman* for Defendants and Appellants.

The opinion of the Court was delivered by

BERMUDEZ, C. J.  This action is brought by the plaintiff as district attorney of the Twenty-sixth Judicial District, composed of the parishes of Jefferson, St. John the Baptist and St. Charles, to prevent the police jury of the first parish, from employing and paying S. S. Carlisle, Esq., as the attorney of their body, and to decree the ordinances or resolutions, under which he was employed, null and void, and to recognize him the plaintiff as the legal representative of said police jury and entitled to the emoluments provided by law for services rendered said jury by him (Carlisle).

The police jury appeared, excepting to plaintiff's right of action to claim either a provisional or perpetual injunction, or final judgment, and under reserve of such exceptions, pleaded the general issue, made certain admissions and specifically averred its right to employ and pay counsel.

The exceptions were overruled, and on the merits judgment was rendered in favor of plaintiff, from which the police jury appeals.

The clear object of the suit is, to have the plaintiff recognized as the only attorney authorized to represent the police jury in its legal and judicial matters, to the exclusion therefore of S. S. Carlisle, who is not made a party to this suit, and as a corrollary, to have the jury prevented from employing and paying said attorney for services rendered.

The plaintiff does not aver in what particular the employment and payment of Carlisle, as such attorney, has affected or may affect him. There is no allegation that the salary or fees to be paid Carlisle, is proposed to be drawn from the salary to which the plaintiff may be by law entitled, and that he will be injured thereby.

If it be true that the police jury refuses to allow plaintiff to represent it in legal proceedings and has in violation of a constitutional

prohibition, employed S. S. Carlisle, Esq., who has usurped the functions of the plaintiff, as district attorney, the remedy would not be an injunction against the police jury, but, some well known proceeding either against the police jury or against Carlisle or both.

It has been held that where the charter of a city provides that its solicitor shall represent it in all suits, in which its property or rights are involved—an injunction will not be allowed for the purpose of preventing the city council from employing another attorney in its suits, the remedy by injunction is not appropriate to such case. High on Inj. vol. 2, p. 833, § 1267; Ib. on Ex. Leg. Rem. p. 449, § 619, and authorities in notes; also, 27 Ann. 446; 29 Ann. 271; 30 Ann. 660.

As plaintiff has shown no cause of action for the main relief, it clearly results that he was not entitled to the preliminary injunction asked and obtained.

Without moving for a dismissal of the appeal, the appellee suggests that the case is unappealable.

The plaintiff himself makes the case an appealable one, by claiming to be entitled to the amount to which Carlisle would be entitled eventually, which is in excess of two thousand dollars.

The exceptions should not have been overruled.

It is therefore ordered and decreed, that the judgment appealed from be reversed. It is now ordered and adjudged that the injunction issued be dissolved; that the exceptions filed be sustained, and that the suit be dismissed at the cost of plaintiff and appellee in both courts.