No. 9872.

THE STATE EX. REL. E. DABOVAL ET AL. VS. THE POLICE JURY, PARISH OF ST. BERNARD.

When the appealability of the case does not clearly appear, from the face of the pleadings, to determine the question, affidavits relating to the amount or value in dispute filed in this Court will be considered.

In a suit attacking a franchise or privilege granted to a person or corporation, and it appears such franchise or privilege exceeds in value $2,000, this Court has jurisdiction.

A mandamus will lie to compel the performance of duties *purely ministerial* in their nature, and when they are so clear and specific that no element of discretion is left in their performance, but that as to acts or duties necessarily calling for the exercise of judgment and discretion on the part of the officer or body at whose hands their performance is required, *mandamus* will not lie.

APPEAL from the Twenty-fourth District Court, Parish of St. Bernard. *Livaudais*, J.

*Hampden Story* and *Sambola & Ducros* for the Relators and Appellees:

1. Courts of justice are bound to interfere with the discretionary power of a municipal corporation, when the exercise thereof is unreasonable, unjust, oppressive, in restraint of trade, or in contravention of common right, or tends to create a monopoly. Const.

39 759
47 866
39 759
48 139
39 759
105 733

39 759
119 257

State ex rel. Daboval vs. Police Jury.

50,248, Act of 1884, No. 92; Cooley, 192, 200, 203; 33 Ann. 1182; 18 Ohio 300; 1 Duer, N. Y. 494; 1 Dillon 394; Act of 1886, No 101, § 9; Boone, § 292, 296-7, 310; 45 Ill. 95; 78 Ill. 405; Dillon 256; 7 Paige 261; 24 Wis. 542; 46 Ill. 490; 40 N. Y. 273; 3 Pick 462; 40 Mo. 550; 68 Mo. 544; 29 Wis. 307; 30 Wis. 322; 43 Iowa 524.

2.  A mandamus lies to enforce, not only the performance of a duty, but also any legal right when the slowness of ordinary legal forms is likely to produce great delay and defeat the ends of justice, as well as in cases where there is no other *specific* remedy. C. P. 829; Moses on Mandamus, 18; 103 Ill. 552; 7 Cal. 286; 1 R. 496; 13 Ann. 291; 38 N. J. 262.

3.  An affidavit, that the facts are true to the best of affiant's knowledge and belief are sufficient, is sufficient in law. 1 R. 316; 13 Ann. 89.

4.  Exceptions to forms are waived by going to trial without a previovs decision thereof. 23 Ann. 255; 18 Ann. 207; 26 Ann. 312; Vol. 2 Dillon 825, 828, 906.

5.  An affidavit to an original petition dispenses with swearing again to a supplemental petition, asking for a subsidiary writ or remedy on the very same sworn allegations. *Neminem cogit ad vana,* 7 R. 444; 18 Ann. 243.

*F. C. Zacharie* on the same side.

*E. Howard McCaleb* and *James Wilkinson* for the Respondents and Appellants:

1.  *Mandamus* will not lie to compel the members of a police jury to perform an act resting in their discretion. High's Ex. Leg. Remedies, §§ 24, 34, 42, 325; Dillon's Municipal Corporations, § 669; 2 La. 395; 21 Ann. 352; 20 Ann. 518; 22 Ann. 603; 23 Ann. 333; 29 Ann. 692.

2.  The authority conferred upon police juries by Art. 248 of the Constitution is a delegation of the police power, with the exercise of which the Courts cannot interfere without usurping jurisdiction.

3.  The police jury cannot be compelled to grant a special permit to carry on a slaughterhouse. The Constitution only requires them to pass general "ordinances designating the places for slaughtering," and expresslly prohibits the restriction of the business "to the lands or houses of any individual or corporation."

4.  In executing Art. 248 of the Constitution, the police juries act in the dual capacity of police juries and boards of health. Sec. 3. Act 92 of 1882.

5.  The act creating the Crescent City Slaughterhouse (No. 118 of 1869), and designating the limits for the business, is not the ordinance authorized by the Constitution. but a State law, which has been expressly repealed by the Constitution itself.

6.  Motives and influences alleged to have actuated members of the police jury in their official conduct, cannot be inquired into collaterally. Dillon on Municipal Corporations, § 248. They may be removed from office (Const. Art. 201; Act 135 of 1882); or punished under the penal laws for bribery, corruption, oppression or misdemeanors. Const. Art. 173; Act No. 4 of 1873; Rev. Stats. 868 and 869.

7.  Villavaso vs. Barthet, recently decided, settles this case.

8.  "A mandamus cannot be joined to an injunction." Manning's Unr. Cas. 81.

*R. T. Beauregard* on the same side.

---

## ON MOTION TO DISMISS

The opinion of the Court was delivered by

TODD, J.  The relators, who had organized themselves into a cor-

poration known as the "St. Bernard Slaughterhouse Company," applied to the police jury for the privilege of erecting, maintaining and carrying on a slaughterhouse at a place designated in said parish. ·

This application was refused, and the relators then resorted to a mandamus to compel them to grant the privilege asked, and from a judgment making the mandamus peremptory defendant appeals.

The motion to dismiss is on the grounds:

1. That the matter in controversy does not exceed $2000 · in value.

2. That if it does exceed that sum, that the appeal bond is insufficient in amount.

I.

The pecuniary interest involved in the controversy does no explicitly appear from the pleadings, and in the record we find several affidavits, among them that of the president of the police jury of the parish, that the pecuniary interest of each party to the suit exceeds two thousand dollars.

These affidavits, in connection with the averments of the petition in regard to the capital stock of the corporation ($100,000), and the purposes and objects of the corporation leave no doubt on our minds that the value of the franchise sought by the relators far exceeds in value the judicial amount.

II.

The appeal bond was fixed in the order of the judge; and in a suit of this character it was sufficient for a suspensive appeal. ·

Motion refused.

## On the Merits.

WATKINS, J. The relators are the St. Bernard Slaughterhouse Company, a corporation organized under the laws of the State, for the purpose of conducting the business of slaughtering cattle; and the individual members thereof.

They announce the purpose of this corporation to be, to erect and maintain all the buildings and wharves that are necessary to promote their business, "on the property secured by them, and situated * * in the upper portion of the parish of St. Bernard, adjacent and contiguous on the *upper line* to the property and limits of the Crescent City Slaughterhouse and Live Stock Landing Company." They allege their right under the Constitution and laws of the State to prosecute said business "upon their property," and aver "that it is made the duty of the police jury to grant them a permit to locate a slaughterhouse

on the property above mentioned;" and that said locality is the one that has been, by law, assigned as the proper one for such purposes.

They further aver that the citizens of that vicinity favor their enterprise, and united with them in their petition to the police jury, requesting "the right to exercise the business of slaughtering cattle and other live stock, in the parish of St. Bernard, *on the property of Mrs. E. Daboval;*" but that "notwithstanding the law and the facts, the said police jury arbitrarily, dictatorily, without a semblance or warrant of law, and without plausible reason or excuse, refused to sanction their plain, clear, indisputable constitutional right and privilege to pursue, prosecute and carry on the business of slaughtering cattle and other live stock ; and to erect, maintain and operate a slaughterhouse or *abbatoir on the property secured by them.*"

They charge that two of the members of the defendant police jury who participated in the proceedings of that body and voted against their petition were directly interested in its defeat and in favor of the Crescent City Slaughterhouse Company.

They further charge that another member declined to vote because of his apprehension that he might forfeit some political preferment or station. And that the appointment of another member was secured for the express purpose of defeating their application. They aver that the two last indicated cast their votes against their petition at the dictation of the Crescent City Slaughterhouse Company.

Relators represent that the action of the police jury in arbitrarily refusing their application was in violation of their clear legal right, and was controlled by a monopoly abolished by the State Constitution, and same is, in effect, an attempt to preserve and perpetuate the exclusive privilege and monopolistic feature of said corporation in plain violation of law and the settled ·jurisprudence of *this court* and of the Supreme Court.

They represent that they have exhausted all ordinary means of securing their rights in the premises ; that they are without remedy by means of an ordinary suit, and they pray for a writ of mandamus to compel the defendant police jury " to proceed to hold a meeting and grant the privilege prayed for in this petition, by extending the limits already assigned by law *to their property.*"

Defendant excepted that relator's petition disclosed no cause of action :

1. Because the power delegated by Article 248 of the Constitution is legislative in its character, and its exercise is discretionary and beyond judicial control.

2.. It being the parochial board of health, its sanitary measures are not judicially reviewable, unless in violation of the Constitution.

3. Its declination of relator's application for the establishment of a slaughterhouse in the first ward of the parish was the determination of a sanitary measure and the exercise of a discretion vested in it by law, and beyond the reach of *mandamus*.

4. That the action relators complain of was taken by the respondent in its collective and representative capacity, and not ·by the members individually and separately; hence, the personal *motives* of the individuals in casting their votes for or against their petition cannot be canvassed or inquired into, particularly in a mandamus proceeding.

A mandamus is a *summary* proceeding and triable out of term time and at chambers, therefore the strictness of ordinary rules of practice may be properly relaxed in such case, and exceptions and answers plead conjunctively, and disposed of in one judgment.

## I.

The important question raised by the pleadings is whether relators have shown a cause of action to entitle them to judgment.

Are the alleged duties of the respondent discretionary or ministerial ? Do the provisions of Art. 248 of the Constitution authorize relators' averments ?

It provides that " the police juries of the several parishes * * * shall alone have the power of regulating the slaughtering of cattle and other live stock within their respective limits; *provided*, no monopoly or exclusive privilege shall exist in the State, nor such business be restricted to the land or houses of any individual or corporation ; *provided*, the ordinances designating the places of slaughtering shall obtain the *concurrent* approval of the board of health or other sanitary organization."

From the foregoing provisions it is manifest

1. That the police jury of St. Bernard alone has the power of regulating the slaughtering of animals thereon.

2. That in so doing it is clearly contemplated that its members shall act collectively, and through ordinances adopted by them, in making selections of localities suited thereto.

3. That such ordinances shall receive the concurrent approval of the health authorities of the parish. Such approval is a *condition precedent* to any locality being selected. It is only with the concur-

rence of the health authorities that any valid selection can be made. An ordinance purporting to regulate the slaughtering of animals without the concurrence of the health authorities would be void.

In order that, in any case, the police jury may obtain the concurrent approval of the health authorities, it must, of necessity, first consult the health of the inhabitants in the locality of the proposed establishment for slaughtering animals.

This necessarily involves the exercise of a *very delicate discretion* on their part.

But, while the organic law does require the " concurrent approval" of the health authorities, it does not subordinate the action of the police jury to their control. The law does not deprive the police jury of its power of regulating this business, or of selecting the place or places at which same may be established and carried on. It does not oblige that body to select any *particular* place or locality such sanitary authority may designate. It can exercise the right of approval or disapproval of the selection made by the police jury. It may *reject*, but *cannot select*.

Applying these principles to the case in hand, it is obvious that *mandamus* is not the proper remedy whereby the relators can obtain relief. The duties that are imposed by law on the respondent are not ministerial, but essentially and purely discretionary.

This, relators impliedly admit by charging that the motives which actuated certain of the members of the police jury were bad, and that their votes were improperly influenced against their petition. For, if the duties thereby imposed are *ministerial*, and in the exercise of which they had no discretion, the particular motives by which certain members were actuated, need not be taken into the account. But if they are discretionary, and involve the exercise of judgment and volition, same cannot be controlled by mandamus though the discretion has been abused.

Should the refusal of the *mandamus* result in the maintenance of a monopoly of the business of slaughtering animals by some other corporation, its duration will be temporary, and will depend upon the application of the proper remedy by interested individuals.

## II.

High defines the writ of mandamus thus:

" The modern writ of mandamus may be defined as a command issuing from a common law court of competent jurisdiction, in the name of the State or sovereign, directed to some corporation, officer

or inferior court, requiring the performance of a *particular duty* therein specified, which duty results from the official station of the party to whom the writ is directed, or from the operation of law." High's Ex. Legal Rem., Sec. 1.

Our Code defines it to be "an order * * * addressed to an individual corporation or court of inferior jurisdiction, directing it to perform some *certain act* belonging to the place, duty or quality with which it is clothed." C. P. 829.

Relators demand the right to erect, maintain and operate a slaughterhouse for the purpose of slaughtering animals on the property of Mrs. E. Daproval, in the parish of St. Bernard, and in the vicinity of the Crescent City Slaughterhouse Company. Was that *"the particular duty"* of the respondent police jury specified in the organic law? Was that *"a certain act* belonging to the place, duty or quality with which" the respondent was clothed by law?

These questions must be answered in the negative.

High says that "the *most important* principle to be observed in the exercise of the jurisdiction by mandamus, and one which lies at the *very foundation of the entire system of rules and principles regulating the use of this extraordinary remedy, is that which fixes the distinction between duties of a peremptory or mandatary nature and those which are discretionary in their character,* involving the exercise of *some degree of judgment* on the part of the officer or body against whom the mandamus is sought. * * * * Stated in general terms, the principle is that mandamus will lie to compel the performance of *duties purely ministerial* in their nature and *so clear and specific that no element of discretion is left in their performance;* but that, as to all acts or duties *necessarily calling for the exercise of judgment and discretion on the part of the officer or body at whose hands their performance is required, mandamus will not lie."* High's Ex. Legal Rem., Sec. 24.

This Court had occasion, recently, to quote the latter paragraph with approval. 38 Ann. 923, State ex rel. Gaynor vs. Judge. In so doing we followed the uniform current of our own jurisprudence. 29 Ann. 264, State ex rel. Bank vs. Bowd; 28 Ann. 932, State ex rel. Longstreet vs. Johnson; 29 Ann. 146, State ex rel. Martin vs. Police Jury; 28 Ann. 905, State ex rel. Beebe vs. Judge; 32 Ann. 549, State ex rel. New Orleans vs. Judge; 34 Ann. 1114, State ex rel. Luminais vs. Judges; 36 Ann. 200, State ex rel. Mentz vs. Judges.

### III.

Without elaborating the argument, it is sufficient to say that

plaintiffs' injunction must fail for the same reason that the mandamus failed.

It is our conclusion that the judgment appealed from is erroneous, and should be reversed.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be avoided, annulled and revoked; that the preliminary order be set aside, and the peremptory mandamus be refused at relators' and appellees' cost in both courts.