The opinion of the court was delivered by
Nicholas, C. J.
In the present case the District Oourt passed not •only upon the exception of res judicata, but also upon the other ex- *942 eeptions filed by defendant. These exceptions refer not only to the demand proper, but to the injunction which accompanied it. A very considerable portion of defendant’s brief is taken up in discussing the proposition that the District Court was without power or authority to enjoin defendant from bringing suits against the plaintiff Otis, predicated upon the contract which he had with the city. This discussion assumes a broader scope to the injunction than its terms warrant. It is not to be supposed that the District Court would have attempted to restrain defendant from claiming judicially what he believed himself entitled to in view of the decisions of this court in Butchers’ Benevolent Association vs. Cutler, 26 An. 500; Brott vs. Eager, Ellerman & Co., 28 An. 262; State ex rel. Sweeney vs. Judge, 39 An. 621, and State ex rel. Sweeney vs. Voorhies, Judge, 40 An. 1. General as are the terms of the injunction they do not extend as far as defendant supposes them to do. In view of this fact it is unnecessary to consider the injunction from that standpoint.
Defendant’s exception that plaintiff’s petition discloses no cause for an injunction and that it should be dissolved is substantially a motion to dissolve on the face of the papers. We find no allegation in the petition which, in our opinion, would call for an injunction. Plaintiff alleges that “the defendant threatens to deprive petitioner of the use of his property, disturb him in the actual and real possession which he has had for more than one year, and of his rights of possession, ownership and enjoyment thereof, and thus deprive petitioner and impair the rights granted to him under the laws and Constitution of the United States and of the State of Louisiana, “ but there is not one single word in the whole petition going to explain or to specify what the threats-of the defendant were, to which he alludes, or what they cover. He says that the defendants threaten to interfere with his rights in the property described in his petition, under a contract with the city of New Orleans, which he declares to be inoperative, null and void as to him, but in what manner this interference is to be made or in respect to what particular right this interference is expected to take-place, we are left completely in the dark. ' A general allegation of a threatened injury without any announcement as to what the supposed injury will result from, or as to what it will result in, is totally insufficient to justify an injunction. No issue is raised by plaintiff’s petition. Defendant does not know either what he is expected to assert *943 or what he is expected to resist. Plaintiff asks that Sweeney be enjoined from doing a great many things without alleging that he has ever advanced any claim to do the things which he seeks to have him prohibited from doing. We find a prayer for a judgment for twenty-five hundred dollars damages, wi hout any direct allegation that he has been injured or damaged, and without any attempt to explain what the facts were from which injury or damage arose, nor what the injury or damage complained of is. The claim for injury and damages, as it appears in the pleadings, is without any basis on. which to rest. The injunction, in our opinion, was properly dissolved. The objections to the pleadings, which we have considered above from the standpoint of an injunction, apply also to the demand proper which plaintiff has filed. It is impossible for us to ascertain from the petition the subject matter or the ground of his complaint. The only affirmative act set forth as having been done by the defendant, from which we could imagine damages could arise, is the institution by him against the plaintiff of thirty-two suits. Assuming that the bringing of a multiplicity of suits by a plaintiff against the same defendant could give rise to a claim for damages against the plaintiff bringing them, neither malice nor want of probable cause, nor want of legal right to bring the suits has been charged in this instance against the defendant. We do not regard the claim for damages as a real claim. Plaintiff has no interest in attacking defendant’s contract with the city of New Orleans, unless he can connect himself legally with the right of attack and trace some injury to himself from the contract. If we throw out of consideration plaintiff’s claim for twenty-five hundred dollars we find no allegation of injury in the petition to support the present suit.
This conclusion having been reached, the exception of res judicata passes out of the case. We are not called on to say whether the judgment of the District Court in the case of Sweeney vs. Otis determined not only for the purposes of that particular demand and that particular court the right of Sweeney to collect wharfage against Otis as against the particular defences set up by the latter,, or whether it would only serve in that court as a precedent for other cases of a similar character which might be brought. The District Oourt has no superior limit to its jurisdiction, and it had power and authority to pass upon the question of the nullity of Sweeney’s contract, or the scope of that contract, had such questions been before it by di *944 rect action. In the particular case referred to the question was presented purely as a defence, and was passed upon incidentally and collaterally, in order to reach a conclusion and decision upon the liability of Otis to Sweeney for an amount of two hundred and fifty-six dollars for wharfage dues predicated upon a right claimed by Sweeney under a contract with the city of'New Orleans.
The appeal to the Court of Appeals was dismissed, as we have already slated.
A discussion of this subject will be found in Wells on Bes Judicata, Chapter XVI, subdivision “Directness of the Issue in the First Action,” and alluded to in Succession of Winn, 30 An. 702; State exrel. Pugh vs. Judge of the Twentieth Judicial District, 33 An. 1385, and Succession of Winn, 33 An. 1396; Vinet, Executor, vs. Bres & Richardson, recently decided.
The judgment appealed from is hereby affirmed^