### No. 9904.

### Orleans Appeal.

---

### M. D. KOSTMAYER, Appellant, v. POLICE JURY OF THE PARISH OF JEFFERSON.

(February 16, 1925, Opinion and Decree.)
(March 16, 1925, Rehearing Refused.)

---

*(Syllabus by the Court.)*

1. Louisiana Digest—Mandamus—Par. 20
Mandamus will not lie to compel an officer to perform in a particular manner certain duties calling for the exercise of judgment and discretion on his part.
2. Louisiana Digest—Injunction—Par. 32.
A court will not assume that an officer will disregard the law, or do an illegal act and enjoin him from doing it.

Appeal from Twenty-eighth Judicial District Court for the Parish of Jefferson, Hon. Prentice E. Edrington, Judge.

Relator seeks by mandamus to command the defendants to appoint him as Drainage Commissioner and by injunction to enjoin them from appointing anyone else. Judgment dismissing relator's suit. Relator appealed.

Judgment affirmed.

John E. Fleury, J. K. Gaudet, attorneys for plaintiff and appellant.

C. A. Buchler, attorney for defendant and appellee.

CLAIBORNE, J. Relator seeks by mandamus to command the defendants to appoint him as Drainage Commissioner and by injunction to enjoin them from appointing anyone else.

He alleges that he was appointed drainage commissioner by the Police Jury on February 8, 1922, for the term of two years; that his term expired on February 8, 1924; that by Section 7 of Act 85 of 1921 it is made the duty of the Police Jury annually at their regular meeting in the month nearest the date of the creation of the drainage district to appoint one commissioner for said drainage district in the same manner as the original commissioners were appointed; that the appointments of Commissioners by the Police Jury shall be made upon the recommendation of a majority in number of acres of land-owners of said proposed Drainage District, or a majority in numbers of the land owners of such districts where the district contains forty or less land owners; where the proposed district has more than forty land owners embraced therein, then the said appointments shall be made upon the recommendation of twenty-five of the land owners of said district. When there is a contest over the appointment of commissioners the Police Jury shall give the appointment to those commissioners who are recom-

mended by land owners owning the majority in number of acres of land in said district, or who are recommended by a majority in number of the land owners in said district, in the discretion of the Police Jury; that it became the duty of the Police Jury to appoint a successor to relator at their regular meeting held on February 6, 1924, which was the date of their regular annual meeting nearest to the date of the creation of the Drainage District; that at said meeting a petition containing a majority in number of acres of the land owners and more than twenty-five of the land owners of said district embracing more than forty land owners recommended relator for appointment by the Police Jury as commissioner for said Drainage District; that on presentation of said petition it was the duty of said Police Jury to appoint petitioner, provided there was no contest for said office or no other applicant for the position, and that there was no contest for said appointment; that the Police Jury refused to make said appointment or to tabulate or investigate said petition, and postponed the appointment until the next meeting in the month of March, the President stating that there would be applicant for said position at said meeting; that relator is informed that the Police Jury will disregard the petition in his favor and will appoint some other person in his stead; that the action of the Police Jury is illegal and will work relator irreparable injury; that there is no compensation attached to the office.

Relator prayed for an injunction prohibiting the Police Jury from entertaining any petition for the position of commissioner which may be filed other than his own, or which may be filed after February 6th, and from appointing any other person than himself as commissioner; and petitioner prayed for a mandamus also commanding the Police Jury to act upon the petition presented by him and to appoint him as a Commissioner of Drainage.

An injunction was issued as prayed for and an alternative writ of mandamus.

For return to the writs the defendant pleaded an exception of no cause of action. For answer stated that since the term of office of relator did not expire until February 8th, and the meeting of the Police Jury was held on February 6th, there was no vacancy to be filled at that meeting, and the matter of filling the vacancy was deferred until the next March meeting; they deny that they refused to appoint relator commissioner, but inasmuch as there was a contest for the office, under the law they had a discretion in making the appointment.

J. G. Bruning intervened in said suit and alleged that he was recommended for appointment as a Commissioner of Drainage by a majority in number of land owners and that said petition was filed with the Police Jury at their meeting held on February 6th, at which he contested the appointment with relator Kostmayer. He prayed for judgment rejecting relator's demand. Annexed to this intervention is a petition recommending John C. Bruning with the names of nearly 300 persons.

On the trial of the case there was evidence to show that Bruning's petition had been placed in the hands of the President of the Police Jury prior to February 6th, but not presented to the Police Jury itself on the statement of the President that no petition would be acted upon at that meeting because there was yet no vacancy in the term of office.

There was judgment dismissing relator's suit for the following reasons:

"However, the court is of opinion from the evidence in this case that there was a contest in the said office and that there was presented to the Police Jury of the

Parish at the meeting held on February 6th, 1924, two petitions, one recommending the plaintiff, M. D. Kostmayer, and another recommending the intervenor, J. G. Bruning.

"The Police Jury took no action in the matter at the meeting held in the month of· February, but deferred the whole matter to its following meeting of March, 1924.

"The court being of the opinion that there was a contest in the said office and under the law the Police Jury being given the discretion to appoint either of the parties recommended by the majority of the number of acres, this court has no right to issue a writ of mandamus or a writ of injunction until the Police Jury is first given an opportunity to pass upon the sufficiency of the petitions filed."

Relator has appealed.

We are of opinion that the judgment is correct.

A mandamus does not lie where the office is vested with discretion. Nixon vs. Houillon, 20 La. 518; State of Louisiana, Edward Pinac vs. W. S. Mount and J. O. Landry, 21 La. Ann. 352; Howell vs. St. Charles St. R. ·R. Co., 22 La. Ann. 603; Schully vs. Canal and Claiborne Streets Railroad Company, 23 La. Ann. 333; State vs. Board of Liquidators, 29 La. Ann. 690; State vs. Mayor and Council of New Orleans, 32 La. Ann. 268; State vs. Nicholson and Wife, 37 La. Ann. 842; State vs. Police Jury, 39 La. Ann. 759, 2 South. 305.

In the case of State ex rel. Daboval vs. Police Jury, 39 La. Ann. 759, 2 South. 305 the court quoted with approval the following language of High on Remedies, Sec. 24: "The principle is that mandamus will lie to compel the performance of duties purely ministerial in their nature and so clear and specific that no element of discretion be left in their performance; but that, as to all acts or duties necessarily calling for the exercise of judgment and discretion on the part of the officer or body at whose hands their performance is required mandamus will not lie."

Affirming State vs. Young, 38 La. Ann. 923, and quoting State vs. Board of Liquidators, 29 La. Ann. 264; State vs. Police Jury, 29 La. Ann. 146; State vs. Johnson, 28 La. Ann. 932; State vs. Judge of Sixth District Court, 28 La. Ann. 905; State vs. Judge of Sixth District Court, 32 La. Ann. 549; State vs. Judges of Civil District Court, 34 La. Ann. 1114. To which we may add Sanderson vs. Ralston, 20 La. Ann. 318; State vs. Mount & Landry, 21 La. Ann. 352; Howell vs. St. Charles St. R. R. Co., 22 La. Ann. 603; State vs. Canal and Claiborne Streets Railroad Company, 23 La. Ann. 333; State vs. Board of Liquidators, 29 La. Ann. 690; State vs. Mayor and Council of New Orleans, 32 La. Ann. 268; State vs. Strong, 32 La. Ann. 173; Millsaps vs. Mayor and Council of Monroe, 37 La. Ann. 642; State vs. Houston, 40 La. Ann.. 393, 4 South. 50; State vs. Police Jury, 43 La. Ann. 1009, 10 South. 359; State vs. Lanier, 47 La. Ann. 568, 17 South. 130; Kansas City S. Ry. Co. vs. Railroad Commission, 106 La. 583, 31 South. 131; Roelh Dig., p. 869.

In the present case before coming to a conclusion the members of the Police Jury would be called upon to verify the signatures to the petition, to determine their residence, their number and the quantity of acres represented by each, and to satisfy the other requirements of the law; and in case of contest, as shown here, to exercise the judgment and discretion vested in them by the law, in the selection of the commissioner. The court has no right to substitute its judgment to that of the officers designated by the law, nor to assume the right of appointment of officers. All the court can do is to order the Police Jury to act, but not to act in any particular

manner. State vs. Judges of Civil District Court, 34 La. Ann. 1114.

A mandamus will not issue to compel an officer to appoint a particular person though it is his duty to appoint some person. 26 Cyc. 251.

Nor can the court assume that the Police Jury will disregard the law or do an illegal act and enjoin it from doing it.

There is no evidence before us that the respondents will not consider the petition in favor of relator, nor that they will not appoint him, if he has a right to the appointment, nor that they will appoint his opponent.

An injunction will not issue to prohibit the officers of a corporation from holding an election to levy a tax. Their action is premature as their rights are not yet invaded and the contingency is too remote. Roudanez vs. Mayor, etc., of New Orleans, 29 La. Ann. 271.

A petition to enjoin the City Council from passing an ordinance discloses no cause of action. *Non constat* that the Council will pass the ordinance. Harrison vs. City of New Orleans, 33 La. Ann. 222.

Injunction will not lie against a prospective nuisance. Bell vs. A. Riggs & Bro., 38 La. Ann. 555; Darcantel vs. People's Slaughter H. & Refrig. Co., 44 La. Ann. 645, 11 South. 239; Otis vs. Sweeney, 48 La. Ann. 940, 20 South. 229.

An injunction is not the proper remedy to prevent a Police Jury from employing an attorney in its suits, even when the law provides that the District Attorney shall represent it in such suits. Leche vs. Police Jury, 37 La. Ann. 195.