No. 14,092.

KANSAS CITY SOUTHERN RAILWAY COMPANY VS. RAILROAD COMMISSION OF LOUISIANA.

### SYLLABUS.

1. A prior suit in the same jurisdiction between the same parties, for the same cause of action, may be pleaded as *lis pendens.*

2. Plaintiff's cause is pleadable in one suit, and it has no right to a second suit when its cause can be amply protected in the first. Multiplicity of suits is odious to the law.

3. Parties cannot, by not pleading part of their defense, proceed in a second suit with the object of preventing further proceedings in the first suit.

4. The fine imposed is in the nature of an interlocutory order, against which the preventive process by injunction will not lie, as there is ample remedy without it.

5. A writ of injunction will not be issued against officers representing the State, invested with discretion in the performance of duties imposed, particularly in view of the fact that the State has provided other adequate process against abuse of power.

6. Injunction is not the proper remedy prior to judgment, provision having been made to render injunction unnecessary prior to final decree.

A PPEAL from the Twenty-second Judicial District, Parish of East Baton Rouge.—*Brunot, J.*

*Lathrop, Morrow, Fox & Moore, C. W. Lucas,* and *Alexander & Wilkinson,* for Plaintiff, Appellant.

*Walter Guion,* Attorney General, for Defendant, Appellee.

The opinion of the court was delivered by

BREAUX, J. This was an action by the plaintiff against the Railroad Commission of Louisiana to have a fine annulled.

The defendant issued a general order forbidding all railroads in the State from removing any spurs or switches without its leave. Plaintiff removed a spur track named "Guy's spur" in the Parish of De

Soto. For this removal of its spurway the Railroad Commission imposed a fine of one thousand dollars.

Plaintiff directed its attack primarily against the order issued by the Commission, which reads as follows, viz.: "No switches or spurs now in use in this State shall be removed or abandoned without the consent of the Commission," as being unconstitutional, unreasonable and arbitrary.

In the second place, against the fine because imposed without a hearing.

The questions raised by the defendant in the exceptions filed in its behalf are that this is a suit against the State and that it is well understood it cannot be sustained unless by consent of the State; that plaintiff's injunction sought to stay the action of the Commission by prohibiting it from bringing suit against plaintiff for the recovery of a fine, and defendant further pleads *lis pendens*.

We take up the issues in their inverse order for decision. This brings us to the plea of *lis pendens*. Suit was brought by the Railroad Commission against the plaintiff in the Parish of De Soto for the recovery of the fine imposed as before mentioned. The allegations of the petition in the suit now before us for decision and the answer filed in the Parish of De Soto in the suit just mentioned brought by the Railroad Commission against the plaintiff are substantially the same. There may be some difference in the relief sought, but the cases are not in our view very materially different. The plaintiff in the suit now before us is the same as the defendant in the cause pending in the Parish of De Soto. We think that the cause of action is not sufficiently different, under the circumstances, to justify us in overruling the plea of *lis pendens*. If the remedy is not as complete in the first suit filed, it is because the plaintiff in this suit does not wish to make it complete. The question at this point, as one of practice, is *sui generis*. Because of the terms of the law it is obvious to us that plaintiff here is bound to exhaust the possibilities of its defense before resorting to another suit.

The first suit should afford a full, complete and plain remedy. The State is seeking in the first judgment to recover a fine imposed by her Railroad Commission. While the suit is pending the plaintiff here can have no right to stand in judgment in an injunction suit. True. the fine has been imposed. It has, however, no effect before the railroad company, against which it has been imposed, has been called into court to answer and show cause why it should not be paid .

Under the terms of the Constitution, the Railroad Commission is vested with the power, among others, to prevent discrimination in matter of rates and charges; also it may require railroads to build and maintain suitable depots, "switches and appurtenances" wherever they are deemed necessary to stations. They may enforce these powers by having the penalties prescribed inflicted through the agency of the courts.

In the discharge of their functions, this Commission has the power to adopt modes of procedure and hear and determine complaints brought against their acts.

The foregoing sufficiently indicates the power of the Commission in matters at issue here. Throughout it will be borne in mind that this Commission is vested with considerable discretion.

This brings us to a consideration of the method to be followed by interested parties who have complaints against the action of the Railroad Commission. The company or party "may file a petition setting forth the objection to the decision made by the Railroad Commission, and either party may appeal from the court's action to the Supreme Court. Article 285 of the Constitution. "No fine or penalty shall be recovered without suit." Article 286.

We note that the State has granted a remedy by suit against its officers in a case in which the proceeding is substantially against the State. It has prescribed the mode to be followed in suing. It has also made provision for a complete defense when suit is brought by the Commission for the recovery of a fine. In our view, suits as well as defenses of those whose interests are affected by the Commission's order, are to be brought in the manner and within the terms of the Constitution. The suit shall be "by petition, setting forth the cause or causes of objection to the decision." We are not to infer from these words that the courts should authorize suit against the officers of the State prohibiting them by injunction from acting.

The one against whom action has been taken by the Commission has the right to be heard, and must be heard when complaint is urged in the manner required. The right is amply guarded. It is clearly stated in the Constitution that the State cannot recover the fine imposed by the Commission without a suit. The party proceeded against has every reasonable opportunity for his defense. We have not found, however, that in addition to the right granted to the complaining party to be heard by petition, or in answer to a suit brought, the

State has granted the further right to an injunction which might have the effect of preventing her officers from acting at all.

Plaintiff shows no possible injury to itself as likely to result, and which renders an injunction a proper remedy. Plaintiff on another ground is not entitled to an injunction, for the reason that the act sought to be enjoined is in its character executive or quasi-executive. The Commission, as representative of the State, is entrusted with the performance of certain functions. They, to this end, must exercise discretion and judgment.

An injunction will not be granted in behalf of a party to restrain the officer from exercising the discretion with which he is invested, particularly when full provision is made to review his action and to prevent its execution until the rights of all concerned have been finally settled. This is the view expressed by Mr. High in his work on injunction, 3d Edition, p. 1035. The correctness of his text is supported by a number of cited decisions.

It cannot very well be inferred that it was the intention to authorize suit by injunction when the character of the acts to be performed and the discretion of the officers clearly show that no such acts were in contemplation as would render an injunction necessary. Injunction is a special remedy which one cannot exercise when all of his rights are protected at law. This leaves the plaintiff with a complete right to defend itself, a right which the Constitution contemplates it should have. It may sue and restrain the action of the Commission, but not through the process of injunction.

For these reasons the judgment dismissing plaintiff's demand is affirmed.