(36 South. 500.)

No. 14,887.

SICARD et al. v. SCHWAB et al.*

(March 29, 1904.)

SUCCESSION—JUDGMENT AGAINST HEIRS—PARTIES.

1. A judgment rendered against all the heirs of a succession will bind them, although the administrator is not made a party. A valid plea of nonjoinder of parties will not be fatal to the judgment if not timely urged. Besides, if there was "irregularity" as to the sale of one-half of the property, it was cured by the prescription of five years.

2. The remaining half was not owned (to the knowledge of the purchaser) by the succession for whose account it was sold.

The nullity of the sale as to the last-mentioned half is absolute.

*Rehearing denied April 25, 1904.

The amount allowed for rents and revenues remains unchanged, and the amount allowed the defendant is not excessive.

(Syllabus by the Court.)

Appeal from Twenty-First Judicial District Court, Parish of Pointe Coupée; E. B. Talbot, Judge.

Action by H. Charles Sicard and others against Nicholas Schwab and others. Judgment for plaintiffs, and defendant Schwab appeals. Affirmed.

Yoist & Hewes, for appellant. Laycock & Beale, for appellees.

BREAUX, J. Plaintiffs claim to be owners of an undivided six-sevenths of certain lands described in their petition.

The land was acquired by F. M. Sicard, father of plaintiffs, on the 30th day of June, 1856.

It was owned by him at the date of his death on the 20th day of February, 1885. His widow went into possession of this property (after her husband's death) as widow in community, and as usufructuary of his interest in the property, and remained in possession to the date of her death. The succession of the father was never opened for settlement. Plaintiffs, in the proportion of six-sevenths, and Mrs. Schwab, defendant's wife, of one-seventh, fell heirs to the whole property after the death of their mother.

The property had been sold for taxes assessed in the name of F. M. Sicard. In due time the purchasers at this tax sale were paid, and signed a deed in which it was declared that the property was returned to the possession of Mrs. Sicard, plaintiff's mother. The defendant Nicholas Schwab acted as the agent of his mother-in-law in redeeming the property which had been sold for taxes.

After the death of the mother of plaintiffs and of Mrs. Schwab, the property was all inventoried in her succession, and no mention was made of the father as owner of one-half of the property.

Aaron Baum became the administrator of the succession. On his application an order was obtained, after notice had been given to the heirs, to sell the property to pay debts.

The property was sold at public auction, and at this sale Nicholas Schwab became the adjudicatee. Not only the half formerly owned by Mrs. Sicard was sold at this sale, but also the half of the late Mr. Sicard. As relates to the latter half of Mr. Sicard, his ownership was passed over without any mention whatever, and it was sold as if it had been owned by the late Mrs. Sicard in her own right.

Some time after the sale, Baum, administrator, filed a final account, which was advertised, and in due time it was approved by a judgment of the court, and the administrator was discharged, and his bond canceled.

Plaintiffs have, in general terms, attacked the proceedings in matter of the settlement of the succession of Mrs. Sicard. They aver that they are null; that the sale did not divest them of their ownership; that Mrs. Sicard never owned over one undivided half of the property; that the interest of their father, F. M. Sicard, could not pass to defendant Schwab in proceedings instituted to settle the succession of their mother.

Plaintiffs charge that, even if the succession proceedings had been regular, and the sale legal, the adjudication was null by reason of the fact that Nicholas Schwab, adjudicatee, prevented persons from bidding on the property when it was offered for sale.

Defendants, in their defense, contend that plaintiffs' petition disclosed no cause of action; that the judicial proceedings could not be collaterally attacked; and pleaded want of tender of the purchase price, and also pleaded the prescription of five, and ten years. This exception was overruled, save the plea of prescription, which was maintained to the extent that the property of the late Mrs. Sicard was involved, and this plea, as relates to the half of the late F. M. Sicard, was referred to the merits.

On the merits the court rendered judgment in favor of plaintiffs to the extent of their interest as heirs in succession of their father, which is six-fourteenths of the whole property, and condemned defendants to pay rent for timber taken off the land. The court rendered judgment in favor of defendant for a portion of the amount sued for in his reconventional demand.

Defendant appeals, and plaintiffs filed an answer to the appeal, and asked for judgment recognizing them as owners of the whole property, and for an increase of the amount allowed in his reconventional demand.

We take up, in the first place, for decision, the claim of plaintiffs to the portion of the land in question inherited from their mother, Mrs. Sicard.

The sale as to this half is valid.

With reference to defendant's plea of prescription as to Mrs. Sicard's interest, the said half, we think it should be sustained.

Five years in matter of sale of property as probate sale covers a multitude of informalities. These here, although great, are formalities, and, as such, fall within the grasp of that prescription.

There was a decree ordering the sale. A probate sale was made to pay debts. An accounting was given, and the administrator discharged. The court had jurisdiction, and the proceedings were brought home to the heirs by sufficient notice, considering the number of years which have elapsed since the sale.

The sale as to the remaining half is null for the following reasons:

The administrator's account as administrator of the succession of Mrs. Sicard shows that the creditors were creditors of her succession, and not of the succession of F. M. Sicard.

They, as creditors, and the administrator, who was primarily their representative, were

without right to bring about the sale of the succession property of Mr. Sicard, deceased, to pay the debts of the late Mrs. Sicard. No proceedings could thus divest plaintiffs of their half of their father's succession.

It was the sale of the property of another than that of the one whose succession was in course of settlement, and therefore null.

The sale of a thing belonging to another is null. It does not operate as a transfer of the property to the prejudice of the owner. The purchaser cannot be considered in good faith. He knew to whom the property belonged.

The sale of property of another is null. 24 Laurent, No. 100 et seq.

This court has said:

"It does not seem to us that the purchasers of the property in dispute can, under any circumstances, have acquired any greater right or any better title to it than their vendor herself had. She was only the owner of one undivided fourth of the lots, and she could not validly transfer to them any part thereof beyond her said fourth. Toullier, vol. 7, No. 31, says: 'Quant aux actes d'aliénation, de constitution d'hypothèque, de servitudes, etc., faits par le propriétaire apparent, ils ne nuisent point au vrai propriétaire réintégré dans ses droits; ils sont résolus, ils s'évanouissent avec le droit de celui que les a faits, et qui n'a pu transférer à autrui plus de droits qu'il n'en avait lui même.' * * * We agree with Toullier, loco citato, that all that the law has done in favor of a purchaser in good faith is to give him the benefit of the prescription of ten and twenty years, though the property so purchased may belong to another person. Civ. Code, arts. 3442, 3450, and 3451. 'Hors ce cas,' says Toullier, vol. 4, No. 288, 'la bonne foi de l'acquéreur doit céder au droit de propriété du parent plus proche, du cohéritier, du légataire, &c.' Thus we conclude that Térèsa Moriña, in selling the real property of the succession to her codefendants, has transferred to them no title beyond her fourth undivided portion." Balot y Ripoll v. Moriña and Others, 12 Rob. 560.

The same rule governs when the property of a third person is sold by a succession without right. Beckham v. Henderson, 23 La. Ann. 446; French v. Bach et al., 26 La. Ann. 731; Manning's Unreported Cases, 333.

There are decisions in which exception to this rule is expressed, but the exception relates to buyers who, in good faith, have bought on the faith of recorded title. In these cases the owners themselves placed the property of record in the name of another, and were therefore no longer in a position to oppose the title acquired by an innocent third person.

We do not take such to be the case here. The defendant cannot claim the benefit of a situation to which he has contributed. As husband of one of the heirs, he cannot change the title to property in the manner he seeks to do. With reference to defendant's plea of prescription, it presents that defendant, as agent of Mrs. Sicard, took part in having the property returned to its owners, and in accepting the return from the buyers of this property at tax sale. The deed of transfer, although it sets forth that the property is returned to Mrs. Sicard, must be read with reference to the rights of the respective owners. Mrs. Sicard, redeeming this property which had been sold at the tax sale in her own name, did not become the owner thereby of the whole property. It relates to the title as if it had never been sold at tax sale. It does not fall within the prescription of 10 years, which defendant sets up.

The sale of the property under which defendant became the owner was not made 10 years prior to suit. The 10 years had not quite elapsed; therefore the 10-years prescription pleaded is not sustained.

With reference to estoppel urged as against Charles Sicard, one of the heirs of Mrs. L. Sicard, and one of the plaintiffs, it has no application here, for defendant was not a third person; or at any rate he knew all about the facts, and was not influenced by the plaintiffs. Eng. & Amer. Ency. of Law, vol. 11, pp. 431, 432.

"It may be stated as a general rule that it is essential to the application of the principle of equitable estoppel that the party claiming to have been influenced by the conduct or declarations of another to his injury was himself not only destitute of knowledge of the state of facts, but was also destitute of any convenient and available means of acquiring such knowledge; and that, where the facts are known to both parties, or both have the same means of ascertaining the truth, there can be no estoppel." Encyclopædia just cited (2d Ed.) p. 434.

Our examination into the merits of this case has not resulted in convincing us that there is a serious ground for complaint that defendant Schwab deterred a certain asserted would have been bidder from bidding. The charge was denied under oath. After these many years we are not inclined to attach importance to the statement of improper influence. Evidently the district judge did not think that the charge was sustained. We agree with him.

The tender of the price paid by Schwab was not necessary prior to the institution of the suit.

He could claim this amount by way of reconvention. Heirs of Burney v. Ludeling, 41 La. Ann. 627, 6 South. 248; Heirs of Wood v. Nicholls, 33 La. Ann. 744.

We will add, before leaving the question

112 LA.—16

of title, that the father's half of the property was sold in the mother's succession in the name of the latter's succession. Her succession was insolvent. The father's succession was not indebted. The order to sell this property was issued, although there was nothing on the face of the papers to justify it.

This brings us to rents and revenues allowed by the judgment, and to a consideration of the items claimed by defendant in reconvention.

A large portion of the land was uncleared, and for that reason it was scarcely possible to charge rent on the acreage. In view of that fact, it was proper to charge defendant Schwab with that which he received during the time he controlled the place as the owner of the land, and not the $5 an acre as claimed by plaintiff. We infer that his (Schwab's) administration of this property after the said sale was unobjectionable, and that he obtained for it all that it was reasonably possible to obtain, and that he should not be charged anything over that amount.

Defendant was entitled to the taxes he paid on the property, the value of the building, the fences, and other improvements, which were allowed to him.

Plaintiffs, in their brief, have earnestly argued for an increase of the rent, which we do not think should be increased. Plaintiffs have not complained in the brief of the amount allowed defendant for the item he claims for improvements made on the property by him, which have been deducted. We take it that they are not specially opposed.

The law and the evidence being with plaintiffs, the judgment appealed from is affirmed.