SOMMERVILLE, J.
Plaintiff alleges that defendant bank is indebted to him in the sum of $4,058, with interest, for an alleged balance of a deposit made by him November 11, 1912, in said bank.
Defendant answered, denying any indebtedness whatever to plaintiff. It alleged that plaintiff obtained a certificate of deposit from it on the date mentioned, but alleged further that said certificate of deposit was obtained by fraud on the part of plaintiff, and by error of one of the employés of the defendant bank. It further alleged, in explanation of the certificate referred to, that plaintiff, as president of the Timpson Handle Company, borrowed $7,500 from defendant bank, represented by a note of said company in favor of the defendant bank, in the amount named, payable four months after date at said bank; that the note matured and was unpaid; that the Timpson Handle Company received a check for $6,-703.38, being the avails of a certain fire insurance policy in its favor, which check was deposited by the Timpson Handle Company in defendant bank to the credit of said company; that prior to the deposit of said check, the plaintiff, representing said company, requested that the bank should not pay the whole amount of the check to be deposited with it on the past-due note of the company, as it, the bank, had the right to do, but that it would receive a partial payment thereof, to the extent of about $4,000, out of said insurance money; that the bank agreed to said arrangement with plaintiff, and never departed from the agreement; that after the deposit of said check was made with defendant, and while the president of the defendant bank was out of the bank, and away from the city of Shreveport, plaintiff entered the bank and presented to the teller of the bank a check drawn by him as president of the Timpson Handle Company, in favor of himself individually, for $5,000, which check was received by the teller of the bank in error, and was credited by him to the account of plaintiff; that said teller was ignorant of the fact that plaintiff, as president of the Timpson-Handle Company, had no right to draw said check; that the teller issued a certificate of deposit to plaintiff for the amount of said check, which certificate is here sued upon, in error, and all through the fraud practiced upon him by plaintiff; that said acts on the part of plaintiff were in violation of the agreement entereddnto with him by defendant; that about $4,000 of the money to be deposited to the credit of defendant company should go towards the partial payment of the past-due note of the company held by the bank; that the said deposit was the property of the handle company, and not the property of plaintiff; that said amount has now been credited on the note of the handle company before referred to, and that it has no money of plaintiff on *301 deposit; and that it is not indebted unto him in any sum whatever.
The agreement, set forth by defendant in its answer, that it, the bank, should receive and credit on the past-due note held by it of the Handle Company, about $4,000 out of the deposit, is admitted to be true, and plaintiff answered on cross-examination that the terms of this agreement had not been altered in any way by the defendant bank. But, while admitting that the bank had the right, under the law, to credit the whole of said deposit by the handle company on the past-due note held by the bank, he, plaintiff, contends that the bank did not actually make such payment, or credit; and that the bank did not pay or credit on the note the $4,000 agreed upon. He alleges that the amount remained to the credit of said company on the books of said bank; and, as president of the •handle company, he was authorized to draw, and did draw, a check in his own favor for $5,000 against the deposit of said company. He further claims that that amount was due him by said company for past-due salary; further, that he bought all of the accounts of the said Timpson Handle Company, and that the amount on deposit with the defendant-bank was one of said accounts bought by him; he further filed a plea of estoppel, setting up that the defendant could not be heard to assert that he, plaintiff, had no right to draw the check for $5,000 referred to, or to deposit the certificate of deposit therefor, for the reason that defendant had recognized him as a depositor in the bank and had paid checks drawn by him individually in favor of the Timpson Handle Company, and had charged the same to his account on its books; and that defendant was further estopped from asserting that the Timpson Handle Company did not authorize him to draw the cheek for $5,000, and that the bank cannot assert defenses personal to said company alone. There was judgment for defendant, and plaintiff appeals.
The allegations contained in defendant’s answer were fully proved.
[1-4] Estoppels are not favored. And, where a third person’s interests are not involved, and all the facts are known to both sides, there can he no estoppel. If plaintiff has been injured, and the record fails to show that he has been, by the action of the teller of defendant bank in permitting him to draw from the bank the $5,000 which belonged to the Timpson Handle Company, and which amount the teller placed to the credit of plaintiff’s individual account, plaintiff has himself only to blame for drawing said check in violation of the express agreement between him and the president of defendant bank: that $4,000 belonging to the handle company, to be deposited in the bank, should be paid on the past-due note of the handle company which was held by the bank. Sicard v. Schwab, 112 La. 475, 481, 36 South. 500. Under the circumstances related, a bank will not be estopped from alleging and showing that the fund deposited with it by an apparent depositor is a fund belonging to another depositor in said bank, and that the fund deposited with the bank by the apparent depositor was obtained from the bank itself by error and fraud.
It appears from the evidence that two checks were drawn by plaintiff against the deposit made by him in his name, and that they were honored by the defendant bank, and plaintiff alleges that the defendant is thereby estopped from denying that the deposit is his, the plaintiff’s. But these two checks were drawn by plaintiff in favor of the Timpson Handle Company, the real owner of the fund on deposit, and they were placed by the bank to the credit of the company’s account. Such transactions cannot be construed as a recognition on the part of the *303 bank that plaintiff was the owner‘of the deposit against which the checks were drawn. The checks were credited by the bank to the real owner of the fund.
The attempt on the part of plaintiff to show that the Timpson Handle Company was indebted to him for salary was not sustained by sufficient evidence; and, if it had-been sustained, plaintiff, as president of said company, was prevented from drawing against said fund on behalf of said company because of the agreement entered into between him and the defendant bank that this particular depQsit, or a certain portion of it, should go towards the payment of the past-due note of the company held by the bank.
The allegation by plaintiff that he bought from the Timpson Handle Company all the accounts belonging to the said company, and that the deposit referred to was one of the accounts bought by him, is not sustained by the act of sale offered in evidence. The accounts therein referred to are book accounts, and do not include cash belonging to the company on deposit in the defendant bank. Besides, plaintiff knew that said deposit, under an agreement made by himself with the bank, should be used by the bank in part payment of the past-due note of the company held by the bank.
Judgment affirmed.
PROVO STY, J., takes no part.