————————O————————

## No. 7063.

## CANAL BANK & TRUST CO. v. JOHN PRIEZ.

### Syllabus.

1. An entry by a bank clerk to a depositor's credit in the latter's pass book is not conclusive, but simply presumptive evidence of its correctness and may be controverted.

2. The testimony of a litigant who affirms a positive knowledge upon all facts in his favor, but professes ignorance or forgetfulness upon all other facts, equally material and concerning which he must in the ordinary course of events have possessed and retained a like knowledge and recollection, is entitled to slight credence.

Appeal from the Civil District Court, Parish of Orleans, No. 112,425, Division "D"; Honorable Porter Parker, Judge. Reversed.

Dart, Kernan & Dart, for plaintiff and appellant.

Loys Charbonnet, for defendant and appellee.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court, as follows:

Plaintiff, a banking corporation, sues the defendant, a depositor, for an overdraft; and the latter not only denies liability, but claims in reconvention that he has funds to his credit with the bank.

405

The whole controversy hinges upon a determination of whether or not on August 3rd, 1914, Priez, the defendant, made a deposit of $1400.00 as his passbook indicates he did, the bank claiming that the passbook entry is an error and that no such deposit was made.

Priez is a contractor and he testifies that the deposit of $1400.00 consisted of two checks, aggregating $900.00, and currency to the amount of $500.00 which he received from one Lambert. He does not recall the amount of either check nor from whom he received them; and he keeps no books—not even a memorandum of receipts or deposits upon the stub of his check book.

Lambert swears he paid defendant $500.00 in currency on August 2nd, his memory retaining that date, but he is unable to produce a receipt or to otherwise account for his accuracy in this respect. Nor does he recall the dates of two subsequent payments of like amount made by him to defendant.

Bruenn, employed by defendant, and defendant's wife, swear they counted the $500.00 in currency at defendant's home on August 3rd. Bruenn claims he accompanied defendant when he made the deposit, but he was unable to locate properly the banking house, although professing an intimate knowledge of the streets and prominent buildings of the city.

On behalf of the bank it is shown that the alleged error of $1400.00 in defendant's favor was discovered when the deposit book of another depositor, named Ruiz, was balanced and found to be $1400.00 short. A search of the bank's records disclosed that a deposit slip in the name of Ruiz for $1400.00 and dated August 3rd, 1914, had been placed in the folder containing all of Priez's deposit slips, and that Priez's account had been erroneously credited with this deposit instead of that of Ruiz. Furthermore the deposit

of that sum by Ruiz on that day is established with certainty, while no such deposit slip in the name of Priez for $1400.00 could be found.

While Priez swears that he had his deposit book with him when he made the alleged deposit on August 3rd, 1914, and that the entry of said deposit was made therein at the bank in his presence at the time, the evidence adduced by the bank satisfies us that his bank book was not then in his possession but on the contrary was in the hands of the bank for the purpose of being balanced, and that the entry of the deposit was not made on said date but some time later by the bookkeeper engaged in balancing the account and not by the receiving teller who ordinarily makes the entry.

The similarity in the written names of the two depositors undoubtedly caused the error. It is unbelievable that Priez should preserve not a single record of this transaction and that he should not recall from whom he received the two checks nor the amount of either of them. He is not a man of large means and the deposit of $1400.00 was several times larger than any deposit he had heretofore made during his many years of dealing with the bank. Both he and his witnesses affirm positive knowledge of all facts in his favor but profess ignorance upon all other facts, equally material and concerning which in the ordinary course of events they must have possessed and retained a like knowledge and recollection. Under such circumstances their testimony is entitled to slight credence.

> *Baltazzi v. Insurance Co., No.* 6957 of our docket.

The trial Court's judgment in defendant's favor was undoubtedly based upon the theory that the entry in the depositor's bank book was conclusive against the bank.

Such was undoubtedly the doctrine held by the earlier decisions but the principle is now well established that such an entry is not conclusive but is simply presumptive evidence in the depositor's favor and may not be controverted.

> *Mechanics Bank v. Bank, 11 An., 260.*
> *Elstner v. Citizens Bank, 2 Rob. —.*
> *Hepburn v. Citizens Bank, 2 Ann., 1007.*
> *Bastrop State Bank v. Levy, 106 La., 585.*
> *Fory v. American State Bank, 136 La., 298.*
> *Magee on Banks and Banking, page 277.*
> *Morse, Banks and Banking, Vol. 1, pages 541-544.*

The judgment is accordingly set aside and reversed and it is now decreed that there be judgment in plaintiff's favor and against defendant in the sum of $867.67 with 5% interest from September 3rd, 1914, until paid; that defendant's reconventional demand be dismissed and that he pay the costs of both courts.

Reversed.

Claiborne, J., takes no part.

Opinion and decree, June 30th, 1917.

Rehearing refused, August 14th, 1917.

Writ denied, November 2nd 1917.