No. 2937.—STATE OF LOUISIANA, ex rel. FRANCIS C. MAHAN, *v.* ANTOINE DUBUCLET, State Treasurer.

The Governor is the proper representative of the State and bound to protect her interests, Therefore, in a case where the other officers, such as the Attorney General or other officers, are absent from the State or fail to discharge their duties in taking an appeal, the Governor is bound to intervene in behalf of the State and take the appeal.

An appeal will lie from a judgment against the State when the affidavit shows that the injury done by the judgment is above five hundred dollars.

In all cases where an officer of the State, such as the State Treasurer, has a discretionary power to do or not to do any act coming within the range of his duties as an officer, the writ of mandamus will not lie from a court of justice to compel him to perform such an act.

APPEAL from Eighth District Court, parish of Orleans. *Emerson,* (Judge of the Third District Court,) vice *Dibble,* J., absent. *George H. Braughn* and *Rogers & Blanc,* for plaintiff and appellee. *Simeon Belden,* Attorney General, for the State. *Hornor & Benedict,* for defendant, appellant.

TALIAFERRO, J. The relator, alleging himself to be the State tax collector for the Third District of New Orleans, complains that the defendant, as State Treasurer, refuses to allow him, in a settlement with the treasury, a credit for $14,497 66, the amount of certain State warrants received by him according to law in payment of taxes, and which were duly canceled, but were afterwards lost by the relator, or were stolen from him. The judge *a quo,* on being applied to by the relator for a mandamus directed to the defendant ordering him to allow the credit claimed, issued an order *nisi,* and the defendant answered that he can only settle with the relator, as tax collector, in the manner prescribed by law; that he can only, in that capacity, make settlements with the Treasurer by the actual payment of current money or by State warrants legally received by him as tax collector, and actually produced and delivered over; that respondent, if he has declined to make settlements with relator, has goood and sufficient reason for refusing.

The judge *a quo,* on hearing the parties, made the rule absolute.

From this order the defendant has appealed.

A motion to dismiss the appeal has been filed on the part of the relator on the grounds:

*First*—Dubuclet, Treasurer, was not made a party to the appeal. This ground was abandoned by the appellee.

*Second*—That the appeal was taken by the Governor of the State, who is without power to prosecute this appeal. It is shown that at the time the appeal was taken the Attorney General was absent from the State. This ground is untenable, the Governor being the proper representative of the State and bound to protect her interests.

*Third*—That a pecuniary interest exceeding five hundred dollars is not shown, and, therefore, no appeal lies to this court. The affidavit

State, ex rel. Mahan, v. Dubuclet, State Treasurer.

sets forth that the appellant is injured and aggrieved by the judgment to the extent of more than five hundred dollars, and the record shows the amount in dispute to largely exceed five hundred dollars.

*Fourth*—That the affidavit is insufficient and signed by a party without authority to administer oaths. The affidavit was sworn to before the Assistant Secretary of State, who is authorized, in the absence of the Secretary of State, to discharge all the duties of the Secretary of State, and that officer is authorized to administer oaths.

The fifth objection is without weight.

The motion to dismiss is overruled.

### ON THE MERITS.

It is held by the appellant, and we think correctly, that the facts of this case do not warrant the issuing of a mandamus. The act which the Treasurer was called upon to perform is not one purely ministerial. It is an act which he is not required to perform by law and which it is not clear that he is authorized to perform. The doing or not doing the act involved the exercise of discretion by the officer, and it is well settled that the writ is never issued to compel officers to do an act in which they have a discretionary power. 2 L. R., 395; 6 An., 68; Code of Practice, 829, 832; 14 An., 225; 15 An., 334; 21 An., 352; 20 An., 518.

It is therefore ordered, adjudged and decreed that the judgment of the district court be annulled, avoided and reversed. It is further ordered that the rule taken by the relator against the defendant be dismissed at relator's costs.