State ex rel. Longstreet vs. Johnson and Dubuclet.

### No. 6314.

State ex rel. James Longstreet vs. George B. Johnson, Auditor, and A. Dubuclet, Treasurer.

A mandamus will not issue to compel an officer of the State to perform a duty, unless that duty is shown to be a purely ministerial one,

APPEAL from the Superior District Court, parish of Orleans. *Hawkins*, J. *Field*, Attorney General, and *Dibble*, Assistant Attorney General, for the State. *T. Gilmore & Sons*, for the Louisiana Levee Company, appellants. *W. H. Hunt*, for Longstreet, appellee.

Howell, J. The relator alleges that he is Levee Commissioner on the part of the State, and chairman of the "Commission of Levee Engineers," and is entitled to a salary of six thousand dollars per annum, in accordance with the provisions of acts No. 4 of 1871 and No. 43 of 1873, relative to the Louisiana Levee Company; that he has faithfully discharged all the duties imposed by said laws upon him as such during the year 1875; that by said acts, and acts No. 3 and No. 56 of 1874, there is to be collected annually by taxation a sum sufficient to cover the cost of all levees required by said Commission of Levee Engineers in their annual report to be built and repaired, and known as levee-construction fund and levee-repair fund; that the said revenue, annually collected, is set apart for the execution of the purposes set forth in said acts of 1871 and 1873, in which the Commission of Levee Engineers are created and charged with the performance of important duties, indispensable to the general purposes and public objects therein contemplated; that according to law the said Commission of Levee Engineers did, during the year 1875, notify and reduce the quantity of levee work for said year at the contract price of fifty cents per cubic yard, and ordered the construction of one million and eighty-six thousand two hundred cubic yards of levee work, and the tax assessed has been or will be paid into the State treasury, to the amount of five hundred and sixty thousand dollars, leaving a surplus out of which he claims to be paid, with lien and privilege; that his salary and expenses for said year were earned in the service of said company and the State in performing labors imposed on him by law, in the construction and repair of the levees of the State, for which purpose the said tax is collected, and upon the surplus of which for the said year he claims a lien and privilege for his salary of six thousand dollars and contingent expenses, amounting, as per authentic account, to three thousand five hundred dollars; and he prays, since there is no relief by ordinary means assigned by law to him, for a mandamus to

compel the State Auditor and State Treasurer, respectively, to audit and issue warrants for and make payment of the said sums to him out of the surplus levee funds for 1875 now in the treasury, and that the Levee Company be made party.

The defense, among others, is that the petition discloses no cause of action or right to the remedy by mandamus; that the funds named are by law to be paid to and they belong to the Levee Company for the specific purpose of constructing and repairing levees; that relator's claim is not ordered to be paid out of the same; and that there is no appropriation made for it.

We think the case presented is not one for a mandamus. It is only where a ministerial duty is imposed by law on an officer that a mandamus will lie against·him. No such duty is shown in this case.

It is therefore ordered that the judgment appealed from be reversed, and the application for the writ of mandamus be refused, with costs in both courts.