## No. 6416.

STATE EX REL. LOUIS FIX VS. F. J. HERRON, RECORDER OF MORTGAGES, ET AL.

The deed of a State tax collector is not conclusive of the legality of the title conveyed by it. If such a title is properly put at issue, its validity must be proved by the party claiming under it,

A mandamus will not issue, at the instance of a purchaser of real estate at a tax sale, to compel a recorder of mortgages to erase the privileges and mortgages recorded against the property (when the holders of the liens oppose their erasure), until such erasure shall have been decreed in a regular suit, conducted contradictorily with all the parties holding the recorded liens.

A mandamus can only be appropriately invoked, to enforce an ascertained right, or compel the performance of a recognized duty, in cases where the ordinary legal processes do not afford an adequate remedy.

APPEAL from the Superior District Court, parish of Orleans. *Lynch,* J.

*Charles Louque,* for relator and appellant.

*Hornor & Benedict,* for Recorder of Mortgages.

*S. P. Blanc,* Assistant City Attorney, for city of New Orleans.

*James Graham,* curator *ad hoc,* for absent heirs.

The opinion of the court was delivered by

DeBlanc, J. In a petition filed on the nineteenth of May, 1876, Louis Fix alleges that he purchased, for State taxes, three lots of ground situated in the city of New Orleans, and which, heretofore, belonged to and had been assessed, two in the name of Henry Decker, and one in the name of Widow William Piles; that, after the expiration of the delay fixed by law for the redemption of property so acquired, his titles to those lots were confirmed by the Auditor, and that by virtue of said sales and their confirmation, all liens and incumbrances previously recorded against said property have been annulled and should be erased.

This proceeding is directed against F. J. Herron, who, in May, 1876, was the Recorder of Mortgages for the parish of Orleans. As to those for whose benefit those liens and encumbrances have been registered, the prayer of relator's petition is merely that they be notified of his proceedings and made parties to the same. The recorder was ordered to comply with the demand of Fix, or show cause, on the 24th of May, less than five days from the filing of that demand, why the alternate writ of mandamus allowed against him should not be made absolute.

State ex rel. Fix vs. Herron.

The recorder and the other parties appeared in the lower court and excepted to plaintiff's action, on the ground that he has mistaken his remedy, and that, considering his own averment, he is not entitled to the writ which he seeks to obtain. That exception was sustained, plaintiff's rule discharged, and he has appealed.

Under the constitution of 1868, the tax collector's deed must be received as the evidence of a valid sale; this is not disputed, but that evidence is not conclusive, can be contradicted; and, when contradicted, ceases to uphold the assailed title, which, then, must fall, unless its validity be otherwise established. If so, those who have or claim, in or on the property, a recorded right, must be not merely notified of an application to compel an officer to destroy that right, or the evidence of that right, but regularly cited to appear and protect their interest.

The actual recorder, the recorder who alone could now comply with plaintiff's demand and erase the liens and incumbrances bearing on the property which he claims, is not before this court; but, were he here, the application for a mandamus would have to be refused; when the cancellation of mortgages and privileges is asked by one, opposed by another, that cancellation can properly be ordered but in an ordinary proceeding, contradictorily with those who control the inscriptions, and not, assuredly, by a writ of mandamus. 4 L. 17; 5 L. 329; 6 L. 454; 6 R. R. 299; 8 R. R. 97; 11 R. R. 161.

The application against the recorder is at least premature. Until it shall have been decided that said inscriptions have been annulled by the collector's sales, what is the recorder's duty? Is it to disregard the protest of those in whose favor they were made, and erase, cancel, and destroy them? It is the very reverse.

If hereafter and in a suit between the contending parties, it be held that the title of relator is valid, that the collector's sales have swept the mortgages and privileges affecting the property, and, notwithstanding the decree, the recorder refuses to erase those incumbrances, he shall then be compelled, by a writ of mandamus, to perform that duty.

It may be said, every one of the parties who claim to have any right in or on the property acquired from the collector is before the court, but how? They were merely notified, some as late as the 22d of May, that this application against the recorder would be tried, and when? According to the notice, on the day it was served; according to the application, on the 24th of said month. In form as in substance, plaintiff's action is irregular.

Who are the parties who have been thus notified? They are—one, the former owner of one of the lots sold, the others are heirs and creditors, minors and absentees; and, even if a mandamus were, as to plaintiff, to them, and in this case, an appropriate remedy, those parties or

those by whom they were represented, were not allowed a reasonable delay to prepare and interpose their defense.

Under no allegation of his application, no part of his evidence, is plaintiff entitled to the extraordinary remedy, which can be allowed but to compel action and coerce the performance of a pre-existing duty, to enforce an already recognized right, and not to ascertain either the existence, the satisfaction, the loss, the nature, or extent of that right; to supply the want of any other adequate remedy, and not to supersede the ordinary forms of ordinary proceedings.

" In determining upon the right to relief by mandamus, the test to be applied is to inquire whether the party aggrieved has a clear, legal right, and whether he has any other adequate remedy, since the writ only belongs to those who have legal rights to enforce, and who find themselves without an appropriate legal remedy. In this sense, it may be regarded as a " dernier ressort," etc. High, Extraordinary Remedies, sec. 10.

There is no error in the judgment appealed from, and that judgment is affirmed with costs.