No. 7889.

State of Louisiana ex rel. W. P. Ames vs. Judge of Second District Court.

This Court cannot compel the judge of a lower court to render a certain decision, and thus divest him of his judicial discretion.

No. 6619.

Alfred Keen vs. S. S. Carlisle.

This Court has not jurisdiction of this case *ratione materiæ*, the evidence showing that the amount involved in the principal demand is less than $1000, and that the reconventional demand is mainly fictitious.

No. 7647.

Kelly & Lazarus vs. H. S. Buckner.

Value of lawyers' services.

No. 7896.

State of Louisiana ex rel. Don A. Pardee vs. Judge of the Fourth District Court.

The rights of the relator have been fully inquired into and finally adjusted in the case of State ex rel. Hernandez vs. Don A. Pardee, Judge, lately decided.

No. 7699.

State of Louisiana ex rel. John Pasley vs. Recorder of Mortgages et al.

The writ of *Mandamus* is only intended to enforce a clearly recognized right and compel the performance of a ministerial duty with respect to that right. It is to supply the want of any other adequate remedy, not to supersede the ordinary forms.

The right to have a privilege or mortgage cancelled cannot be tested unless those having a real or pretended interest be made parties.

No. 7905.

Sun Mutual Insurance Co. vs. I. W. Patton, Mayor, etc.

No. 7918.

State of Louisiana ex rel. F. H. Florance vs. A. H. Isaacson et al.

The relief asked in these cases rests upon the same principles as those recognized in the case of Moore vs. City of New Orleans, No. 7907, lately decided.

No. 7752.

Mrs. E. Weiser vs. Peter Blaise et al.

On Motion to Dismiss.

Reasons urged for dismissal of appeal insufficient.