## No. 9831.

### THE STATE EX REL. JAMES S. GAYNOR VS. S. CHARLES YOUNG, JUDGE OF NINTH JUDICIAL DISTRICT.

1. A mandamus lies to compel the performance of duties purely ministerial in their nature and so clear and specific that no element of discretion is left in their performance.

2. It will lie to judges of inferior courts, in order to require them to do justice according to the powers of their office, whenever they have delayed acting; and to prevent a denial of justice; and when the law has assigned no relief by the ordinary means; and when justice and reason require that some mode should exist of redressing a wrong or an abuse of any nature whatever.

State ex rel. Gaynor vs. Judge.

3. The writ will issue to compel a district judge to grant an injunction restraining a tax collector from collecting the tax of fifty cents per bale on cotton within the Fifth Levee District, authorized by Act 44 of 1886, until its alleged unconstitutionality can be judicially determined.

APPLICATION for Mandamus.

*L. F. Mason, Ph. Hough, Wm. T. Martin, Conner & Conner* and *Elam & Luce,* for the Relator.

*Steele, Garrett & Dagg* for the Respondent.

The opinion of the Court was delivered by

WATKINS, J.   Relator applied to the respondent judge for an order granting a writ of injunction restraining and prohibiting the tax collector of the parish of Concordia, and the Board of Levee Commissioners for the Fifth Levee District, "from proceeding further in the collection and enforcement" of the tax of fifty cents per bale upon 350 bales of cotton by him produced on his plantation in that parish during the year 1886, and authorized to be assessed, levied and collected under and by virtue of Act 44 of 1886.   His petition is annexed, in which he demands an injunction upon the following grounds substantially, viz:

That the Board of Levee Commissioners of the Fifth Levee District "have levied a tax of five mills on the dollar on all the taxable property in said district, and a tax of five cents on each and every acre of land in said district, and fifty cents per bale on each and every bale of cotton in said district," and particularly upon his 350 bales, and which alone amounts to $175; and he avers that, under the rules and regulations of said board, said tax is due, demandable and exigible; and that the tax collector is collecting, and attempting to collect and enforce, the said cotton tax upon his cotton; "and threatens to seize and sell, and will seize and sell, the said cotton   *   *   *   to enforce the payment of said tax;   *   *   *   and the said tax collector is authorized and commanded by the said levee board to enforce and collect the same," etc.   He "avers that said T. K. Green, tax collector, has deputies stationed at all the points where plaintiff ships his cotton, to forbid and prevent plaintiff from shipping his said cotton, except on payment of said   *   *   *   tax."

He "avers that said Levee Board, under their rules and regulations, have prohibited and forbidden all steamboats, railroads and common carriers, under a severe penalty, to remove or transfer said cotton,

* * * except upon the payment of said * * * cotton tax,"— all in pursuance of the provisions of Act 44 of 1886.

Petitioner avers that said act is unconstitutional, null and void, and the assessment of taxes thereunder is illegal, for various reasons, viz:

1st. That it is in violation of Article 46 of the Constitution, being a local or special statute having effect only in the parishes composing the Fifth Levee District, and no notice was given as required by Article 48 of the Constitution.

2d. That said act violates Article 203 of the Constitution, which requires that all taxes assessed shall be equal and uniform—said cotton tax being neither equal nor uniform.

3d. That said act authorizing the levy of said cotton tax was an interference with, and a regulation of, commerce between the States, and is in violation of, and in conflict with, the Constitution of the United States.

4th. That said act is in violation of Article 214 of the Constitution of the State, which limits taxation within a levee district, by the commissioners thereof, to five mills on the dollar of valuation—and that said cotton tax is in excess thereof.

5th. That said act embraces more than one object in its title, and is in violation of Article 29 of the Constitution.

This petition was accompanied by proper affidavit and suitable bond; yet the respondent judge declined to grant the order prayed for, in these words, viz:

"I decline to order a writ of injunction to issue as applied for in the foregoing petition for the reason that I do not consider that the *averments of the petition* authorize a writ of injunction to issue as prayed for."

Relator further charges that not only has said judge refused to grant said injunction, "but he has instructed and commanded M. A. Joyce, clerk," * * * in the absence of "himself from the parish, * * * to deny and refuse to grant any writ of injunction or restraining order" to him; and has threatened to punish said clerk for contempt if he did; and, that said clerk, acting under the respondent's instructions, has refused to grant the same.

He alleges that said refusal and denial of said judge, under the circumstances detailed, is a denial of justice and operates a deprivation of his legal rights and works him great injury.

The respondent judge for answer admits this refusal to grant the injunction prayed for, and justifies his action on the grounds, viz:

1st. "That no allegation in the petition presents that the Levee Board, one of the defendants in injunction, was domiciled in Concordia parish; nor was there an allegation that said board had committed any trespass in said parish, or that they had done any act therein for which any action for damages lay," and that there was nothing to show "that the court of that parish had jurisdiction."

2d. That a writ of injunction does not lie in such a case, until a seizure has been made, "or at least, the allegations of the petition should show that the taxes are due, and steps have been taken to enforce payment.

3d. "The allegations of plaintiff's petition are too vague and indefinite to authorize the issuance of the writ." * * *

4th. "Instead of preserving the rights of all parties, the injunction, if granted, would practically annul, in advance of a judicial decree, a prohibitory law, and deprive the Levee Board of the security which the law gives them on the cotton."

5th. "As the ordinances of the Levee Board are not annexed to the petition, and are not referred to in such a way that the court can determine what regulations have been made for the collection of the tax, it is impossible to tell what the tax collector and the board are restrained from doing," etc.

Respondent then concludes by saying: "Respondent may have been of the opinion that act 44 of 1886, was entirely constitutional; if so, was he under any legal obligation to restrain its enforcement, because some litigant was willing to swear that, in his opinion, the law was unconstitutional?"

C. P. 296 provides: "Injunction * * * is a mandate obtained from a court by a plaintiff, prohibiting one from doing an act which *he contends may* be injurious to him, or impair a right which he claims."

It is not necessary, in order that he be entitled to the writ, that the act complained of be absolutely injurious *per se*, or that the right he claims shall be really and actually impaired.

C. P. 298.10 provides that "the injunction *must* be granted * * * to stay execution * * * when the sheriff is proceeding on the execution contrary to some provision of law," etc.

In Shannon vs. Lane, 33 Ann. 491, this court said: "Proceedings for the assessment and collection of taxes are assimilated, in many respects, to judicial proceedings, for which they are regarded as substitutes.

"The assessment, the record of the delinquent lists, and the tax

collector's sale are the respective equivalents of judgment, seizure and execution sale."

Hence, this application for an injunction is not one addressed to the *discretion* of the judge to whom it was made.

In making a comparison between the writs of mandamus and injunction, it was very correctly said in High's Extraordinary Legal Remedies: " An injunction is essentially a preventive remedy, mandamus a remedial one.

" The former is usually employed to prevent *future* injury, the latter to redress past grievances.

" The functions of an injunction are to restrain motion, and enforce inaction, those of a mandamus to set in motion and compel action.

" In this sense an injunction may be regarded as a conservative remedy, mandamus as an active one.

" The former preserves matters *in statu quo*, while the very object of the latter is to change the status of affairs, and to substitute action for inaction." Sec. 6.

Mandamus is not necessarily conclusive as to the right in controversy. *Ibid*, sec. 11.

Mandamus will only lie to compel " the performance of duties purely ministerial in their nature, and so clear and specific that no element of discretion is left in their performance; but that as to all acts or duties necessarily calling for the exercise of judgment and discretion, on the part of the officer or body, at whose hands their performance is required, mandamus will not lie." Ib., sec. 24.

Ministerial acts are those which are peremptory and absolute in their character. Ib., sec. 34.

Mandamus will lie " to the judges of any inferior courts, commanding and requiring them to do justice according to the powers of their office whenever they have delayed acting." Ib., sec. 148.

It only lies to compel the court to act; does not prescribe judgment. Ib., sec. 149.

The object of this writ is " to prevent a denial of justice   *   *   * and should, therefore, be issued in all cases where the law has assigned no relief by the ordinary means, and where justice and reason require that some mode should exist of redressing a wrong, or an *abuse of any nature whatever*." C. P. 830.

Under the circumstances detailed in relator's petition for injunction we think he was clearly entitled to the writ.

This case comes clearly within the principle announced in 29 Ann. 795. Beebe vs. Guinault.

The respondent's objection that the relator's petition for injunction did not disclose jurisdiction in his court, is untenable. The act in question confers upon the sheriff and *ex-officio* tax collector power to collect said cotton tax in terms.

This tax is alleged to have been assessed by the Levee Board, and same was then in process of collection by the tax collector under instructions from the board, in the parish of Concordia, where the relator and his cotton then resided. The residence of the Board of Levee Commissioners, nor that of the members thereof, cannot control the jurisdiction. 23 Ann. 557, Simpson vs. Hope, Sheriff, and other like authorities.

It is, therefore, ordered, adjudged and decreed that the writ of mandamus be made peremptory, at the cost of respondents.