# APPENDIX.

## SANDY BAYOU INJUNCTION CASE.

JOHN J. HENRY, WARDEN OF THE PENITENTIARY, ET AL., *v.*
STATE OF MISSISSIPPI.

[87 Miss., 1; 39 South. Rep., 856.]

Chief Justice WHITFIELD, after the appearance of the last preceding volume of these reports, called attention to the fact that his dissenting opinion in the above entitled case did not contain an *addendum* made by him some days after its delivery. This *addendum* should be read into his dissenting opinion, following the paragraph ending near the top of page 112, 87 Miss. Reports.

The *addendum* is as follows:

"Since writing the above, one of the learned judges of the supreme court of Florida called my attention to a case precisely in point and squarely upholding the power of the governor to institute this suit. The case is *State ex rel. Francis P. Fleming, Governor,* v. *John L. Crawford, Secretary of State,* 28 Fla., 441 (10 South. Rep., 118; 14 L. R. A., 253). The facts are these: The governor appointed Robert H. M. Davidson United States senator to succeed Wilkinson Call, whose term expired on March 3, 1891. This appointment was made during a recess of the legislature, and was to last until the next meeting of the legislature. The governor issued the commission and signed it, and instructed and directed the secretary of state to seal it with the great seal of the state and to countersign it, as required by the constitution. The secretary of state refused to do either.

( 843 )

Addendum.

Afterwards the governor instructed the attorney-general of the state to institute proceedings for a writ of mandamus to require the secretary of state to seal and countersign said commission. The attorney-general refused to institute the proceedings, and the governor then in his own name, in order to protect the public interest in the premises, etc., sued out a writ of mandamus. The secretary of state, in his return to the mandamus, denied the power of the governor to institute the suit, saying, in his second objection (p. 445 of 28 Fla., p. 119 of 10 South. Rep. [14 L. R. A., 253]), "that the relator, the governor, has no such interest in or relation to the specific act sought to be enforced, upon the allegations of the writ, as authorizes or justifies him in instituting this proceeding." He also insists, third, "that the state has no such interest in or relation to specific act sought to be enforced, upon the allegations of the writ, as authorizes the institution of the proceeding by the state, or on its behalf, or by or on relation of the governor of the state." The opinion of the court was delivered by Chief Justice RANEY, one of the greatest judges this country has ever produced. Responding to the contentions indicated, he said, for a unanimous court:

"It is also contended that neither the state nor the governor has any such interest in or relation to the specific act sought to be enforced as authorizes or justifies the institution of this suit. It is entirely clear, from the authorities (*Marbury* v. *Madison,* 1 Cranch, 137 [2 L. ed., 600]; *United States* v. *LeBaron,* 19 How., 73 [15 L. ed., 525], and *Advisory Opion,* 12 Fla., 686), and what has been announced in preceding portions of this opinion, that the executive or governmental duty of completing a commission is not consummated until it has been sealed and countersigned. Even admitting that, when a commission has been signed and delivered by the governor to the secretary of state, the appointee named therein, who may have previously taken the oath and given bond or done anything necessary to justify him in entering into the office upon the perfection of the commission,

has such a private interest therein as gives him a status to require through the instrumentality of this writ the sealing and countersigning, or admitting that the executive power of revoking his action has passed as soon as a commission so signed has been delivered to the secretary, or even as soon as it has been signed with the intention of such delivery, these positions and concessions, if proper, are in no way inconsistent with, nor do they effect, the interest of the public in the appointment and commissioning of public officers, nor do they remove the fact that the governor is charged with the 'care that the laws may be faithfully administered.' Section 6, art. 4, constitution. The commissioning of a public officer is not at any stage of its progress a mere matter of private interest. The entire public are directly interested in the consummation of his appointment, in order that he may perform the duties of his office, which duties and the necessity of the performance thereof to the public account, not only for the appointment, but for the creation of the office itself. Of this interest of the public in having the office filled and commission sealed and countersigned, or completed, so that the title of the office shall vest in, and the performance of its duties become incumbent upon, the appointees, the governor is the constitutional designated representative or trustee of the people, and as such he has the right, and it is his duty, to take such measures as will secure the benefits of the same to the people. The duty of commissioning officers cannot in reason, nor without great detriment to the public, be transferred to inchoate appointees. If it is thus transferred, and the secretary of state shall refuse to authenticate appointments which the governor may deem it his duty to make, the filling of the offices will depend, not upon official duty, but on the financial ability and the disposition of appointees to litigate. It will remit to the private citizen, and impose upon private resources, a public duty which the supreme court of the United States and our own courts tell us is not performed until the commission is complete. The governor, in presenting the petition for this writ, has acted in his official capacity

Addendum.

and in behalf of the state, and not in behalf of any private interest. In *Kentucky* v. *Dennison,* 24 How., 66, 97 (16 L. ed., 717), it is said: 'In the case of *Madrazo* v. *Governor of Georgia,* 1 Pet., 110 (7 L. ed., 73), it was decided, that in a case where the chief magistrate of a state is sued, not by his name as an individual, but by his style of office, and the claim made upon him is entirely in his official character, the state itself may be considered a party on the record. This was a case where the state was the defendant. The practice, where it is plaintiff, has been frequently adopted of suing in the name of the governor in behalf of the state, and was, indeed, the form originally used, and always recognized as the suit of the state. It is the settled law that where writs of mandamus issue, as they may, upon the relation of a private citizen, to compel the performance of a public duty, the interest in which is common to the whole community, the state is the real plaintiff. *State ex rel. Scott* v. *Board of County Commissioners,* 17 Fla., 707; *Hamilton* v. *State ex rel. Bates,* 3 Ind., 452; *County of Pike* v. *State ex rel. Metz,* 11 Ill., 202; *City of Ottawa* v. *People ex rel. Caton,* 48 Ill., 233; *People ex rel. Case* v. *Collins,* 19 Wend. (N. Y.), 56; *People ex rel. Stephens* v. *Halsey,* 37 N. Y., 344; *State ex rel. Rice* v. *County Judge,* 7 Iowa, 186, 202. The special interest of the private relator is important only where the matter is one solely of private right. Whether we hold the state or the Governor, as the chief executive, to be the real plaintiff in this case, we have no doubt of the power or duty of the governor to act. *State ex rel. Mahan* v. *Dubuclet,* 22 La. Ann., 602.''

I note with satisfaction that, among the many authorities cited by Chief Justice RANEY, he strongly relies upon *State ex rel. Mahan* v. *Dubuclet,* 22 La. Ann., 602, and *Kentucky* v. *Dennison,* 24 How., 66 (16 L. ed., 717), both of which cases I have referred to *supra;* quoting from the latter the identical paragraph which I quoted. I add this authority to those formerly cited as one of the strongest and best reasoned cases to be found on the subject.