O'NIELL, C. J., concurs in the result.
BRUNOT, J., recused.

━━━

(97 South. 584)

No. 25937.

STATE ex rel. PEOPLE'S STATE BANK v. POLICE JURY OF RED RIVER PARISH et al.

(June 30, 1923. Rehearing Denied Oct. 2, 1923.)

*(Syllabus by Editorial Staff.)*

1. **Depositaries ⟐═6—Bid for fiscal agency held sufficient.**

That bid for parish fiscal agency did not follow verbiage of Act No. 205 of 1912, in minute detail, *held* immaterial, where it contained statement that bidder agreed and obligated itself to comply with such terms and requisites as might be required by the police jury and by the law.

2. **Depositaries ⟐═6—Police jury not limited to determining whether bid for fiscal agency is for highest rate of interest.**

Under Act No. 205 of 1912, providing, as stated in its title, for selection of fiscal agencies for parishes, etc., and for interest and other considerations to be paid therefor, and providing in section 7, that proper authorities shall use all reasonable means to secure the best terms and highest rate of interest consistent with safety, the policy jury is not limited to determining whether bank whose bid is highest would be safe depository, but, where the parish is a large borrower during part of the year, may also consider the interest to be charged by the bidder on loans.

3. **Mandamus ⟐═1—Lies to compel performance of duty resulting from office or trust.**

Writ of mandamus issues to compel performance of an act which the law specially enjoins as duty resulting from office, trust, or station.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Mandamus.]

4. **Mandamus ⟐═10—Purpose to enforce clearly recognized right.**

Purpose of writ of mandamus is to enforce clearly recognized right and compel performance of ministerial duty with respect to that right.

5. **Mandamus ⟐═71—Mandamus lies to compel performance of purely ministerial duties.**

Mandamus will lie to compel performance of duties purely ministerial in their nature, where they are so clear and specific that no element of discretion is left in their performance.

6. **Mandamus ⟐═72—Does not lie when judgment or discretion exercised, except to correct abuse thereof.**

After tribunal or officer has exercised judgment or discretion vested in him and has acted, mandamus will not lie, except to reach and correct an arbitrary or capricious abuse of discretion.

7. **Mandamus ⟐═73(1)—Police jury held not to have exercised discretion arbitrarily in awarding fiscal agency.**

Where parish was a large borrower during part of the year, and one bank bidding for fiscal agency offered 6.51 per cent. interest on daily balances, and offered to charge the same rate of interest on loans, and another bank offered 6 per cent., with charge of 4 per cent. on drafts and loans, police jury acted within its discretion, and did not exercise its discretion arbitrarily or capriciously, in accepting the latter bid.

Appeal from Eleventh Judicial District Court, Parish of Red River; James W. Jones, Jr., Judge.

Mandamus by the State, on relation of the People's State Bank, against the Police Jury of Red River Parish and another. From a judgment for plaintiff, defendants appeal. Reversed, and plaintiff's demand rejected and dismissed.

J. F. Stephens, of Coushatta, for appellant Police Jury of Red River Parish.

Nettles & Bethard, of Coushatta, for appellant Bank of Coushatta.

M. L. Dismukes, of Natchitoches, for appellee.

BRUNOT, J. This is a mandamus proceeding. The police jury of the parish of Red River advertised for bids for the fiscal agency of said parish for the ensuing two years, beginning the 1st day of January, 1923. In response to this advertisement the People's State Bank submitted a bid in which it proposed to pay 6.51 per cent. per annum interest, to be calculated upon the daily balances as shown by the books of the treasurer of the police jury, payment of interest to be made semiannually on the 1st days of January and July of each year; to lend the police jury, at the same rate of interest, an amount equal to the average deposits kept in said bank; and to cash, without charge, and to receive on deposit, at par, all checks drawn by or in favor of said police jury.

The Bank of Coushatta also submitted a bid for the fiscal agency. The bid of this bank proposed to pay the police jury of the parish of Red River 6 per cent. on all daily balances deposited in said bank, "and to charge 4 per cent. interest on all overdrafts and funds advanced to and on behalf of said parish of Red River."

Both bidders filed proper financial statements and agreed to comply with all legal requisites.

On the 7th day of February, 1923, the bids were opened by the police jury, and the fiscal agency was awarded to the Bank of Coushatta by resolution and ordinance, the second preamble of which is as follows:

"Whereas, in accordance with said advertisement, the Bank of Coushatta has submitted the best bid, it being in substance as follows: To pay 6 per cent. on deposits and charge 4 per cent. on overdrafts and money borrowed."

On the 13th day of February, and before the fiscal agency contract had been perfected, the People's State Bank, on the relation of the state, filed mandamus proceedings in the Eleventh judicial district court. The prayer of the petition is as follows:

"Wherefore, the premises and annexed affidavit considered relator prays that an alternative writ of mandamus issue herein directed to the police jury of the parish of Red River, La., G. C. Armistead, president, commanding it to accept the bid, proposition, and offer of your relator and to so contract with it as fiscal agent for the funds of said body for the period of two years, beginning January 1, 1923, or to show cause to the contrary on such day and at such hour as your honor may determine and appoint.

"Relator further prays for the issuance of a writ of injunction to be granted on relator giving bond as your honor may determine, conditioned, secured, and payable as the law directs and orders; enjoining, inhibiting, restraining and prohibiting the police jury of the parish of Red River, La., or any of its officers thereof, from contracting with the said Bank of Coushatta, as the fiscal agent for the said two years, and from depositing its funds in such bank as agent.

"They further pray that the Bank of Coushatta, of which B. S. Stephens is president, be made a party hereto, and that service of the writs and of this petition be made upon it as well as upon the police jury of the parish of Red River, La.

"Relator further prays that the writs of injunction sued out be duly sustained, maintained, and perpetuated and made the judgment of the court."

The order is as follows:

"Let alternative writs of mandamus issue herein as prayed for and according to law, returnable at the hour of 10 o'clock on the 17th day of February, 1923, and let a writ of in-

junction issue as prayed for on relator giving bond in the sum of $1,000, conditioned, secured, and payable as the law directs and orders. Natchitoches, La., February 13, 1923."

It appears that the issues raised by the injunction have not been tried in the lower court, and therefore the only question presented is the correctness vel non of the judgment of the district court making the writ of mandamus peremptory and commanding the police jury of Red River parish to contract with the People's State Bank as its fiscal agent for the two ensuing years, beginning January 1, 1923.

From this judgment the police jury of the parish of Red River and the Bank of Coushatta have appealed, and the case is before us for review.

The People's State Bank, relator in the court below and appellee here, contends that under the laws of this state, and particularly of Act 205 of 1912, and the Acts amendatory thereof, its proposal was "the only legal bid, and the best and highest bid made"; that the bid of the Bank of Coushatta should have been rejected, and the People's State Bank should have been declared the fiscal agent for the two ensuing years, beginning the 1st day of January, 1923.

### Opinion.

· [1] The basis for the contention that appellee's bid was the only legal bid appears to be a mere conclusion growing out of the fact that appellee's bid followed the verbiage of Act 205 of 1912, with particularity, while the bid of the Bank of Coushatta omitted minute details. These omissions are immaterial, because the third paragraph of the bid of the Bank of Coushatta fulfills the legal requirements with respect thereto. The paragraph referred to is as follows:

"Said bank further agrees, binds and obligates itself to comply with such terms and requisites as may be required by your honorable body and by the law."

[2] Appellee contends that it made the best and highest bid, because it proposed to pay the highest rate of interest for the deposits, and because the discretion of the police jury is limited to determining whether the bids are regular and whether the bank whose bid is the highest on the face of the papers would be a safe depository. Appellee relies upon section 2 of Act 23, Extra Session of 1907, and upon the assumption that Act 205 of 1912 does not enlarge the discretion of public boards in the matter of selecting their fiscal agents.

It is true that in construing section 2 of Act 23, Extra Session of 1907, this court held in State ex rel. Bank of Franklinton v. Louisiana State Board of Agriculture & Immigration, 122 La. 677, 48 South. 148, that the discretion of public boards, in the selection of a fiscal agent, was limited to ascertaining if the bidder was a chartered bank, domiciled in the state, and if it offered the highest rate of interest consistent with the safety of the fund. Section 2 of the act is as follows:

"The fiscal agency or agencies with whom such funds shall be deposited shall be a bank or banks, chartered under the laws of the state of Louisiana, or of the United States, and domiciled in this state, offering the highest rate of interest, consistent with the safety of such funds, upon the daily balances of the deposits so to be made and giving satisfactory security hereinafter mentioned."

Appellee is in error in assuming that Act 205 of 1912 does not enlarge the discretion of police juries in the matter of selecting their fiscal agents. Both the title and section 7 of Act 205 of 1912 are broader and confer wider discretion upon public boards in selecting a fiscal agent than is conferred by Act 23, Extra Session of 1907. The title of Act 205 of 1912 is, in part, as follows:

"Providing for the selection of fiscal agencies for the state of Louisiana, and all parishes, municipalities, boards, commissions and other public bodies therein; for the deposit of public funds the interest *and other considerations to be paid therefor.*" (Italics ours.)

Section 7 of the act is as follows:

"Be it further enacted, etc., that it shall be the duty of the board of liquidation and of

all authorities having the letting of public funds to use all reasonable and proper means to secure to the state the best terms and the highest rate of interest consistent with the safe keeping and prompt repayment of the funds when demanded, and to let such funds to the highest bidder therefor consistent with the safety of such funds."

The title and section 7 of Act 205 of 1912 contains a clear and unequivocal expression of the intent of the Legislature to enlarge the discretion of all authorities having the letting of public funds, and charging them with the duty of using "all reasonable and proper means to secure to the state the best terms and the highest rate of interest."

The record shows that the parish of Red River is a borrower for four or five months each year. Its revenues are collected during the months of December and January, and they are applied to the liquidation of the indebtedness incurred by the parish during the year preceding the January collections. This is the usual course of business and the police jury must of necessity negotiate loans from time to time in order to meet the budget expenditures, and to enable their body to function properly.

For the first six or seven months of the year the parish is a depositor, the deposits ranging from nothing to approximately $15,-000. For the remaining period of the year the parish is a borrower, the loans ranging from small sums to approximately $25,000.

Under these circumstances it is apparent that the interest charge for loans is a matter of more vital concern than is the interest payment for deposits. This, in our opinion, is one of "the other considerations to be paid therefor" stated in the title of Act 205 of 1912, and contemplated by the words "best terms,"

which section 7 of the act commands the police jury to obtain.

[3-6] The writ of mandamus issues to compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station. Am. & Eng. Ency. vol. 19, p. 723.

The purpose of the writ is to enforce a clearly recognized right and to compel the performance of a ministerial duty with respect to that right. State ex rel. St. Martin v. Police Jury of Parish of St. Charles, 29 La. Ann. 146; State ex rel. Fix v. Herron, 29 La. Ann. 848; State ex rel. Ames v. Judge of Second District Court, 32 La. Ann. 1306.

Mandamus will lie to compel the performance of duties purely ministerial in their nature, and where they are so clear and specific that no element of discretion is left in their performance. State ex rel. Gaynor v. Young, 38 La. Ann. 923; State ex rel. Daboval v. Police Jury of St. Bernard, 39 La. Ann. 759, 2 South. 305; State ex rel. Luminais v. Judges of the Civil District Court for the Parish of Orleans, 34 La. Ann. 1114; State ex rel. Longstreet v. Johnson, 28 La. Ann. 932; State ex rel. Beebe v. Judge of Sixth District Court, Parish of Orleans, 28 La. Ann. 905, 26 Am. Rep. 115.

After a tribunal or officer has exercised the judgment or discretion vested in him and has acted, mandamus will not lie for any purpose except to reach and correct an arbitrary or capricious abuse of discretion. Am. & Eng. Ency. vol. 9, p. 743.

[7] The police jury of the parish of Red River acted within the limits of the discretion with which it is vested by law, and its act is not an arbitrary or capricious exercise of its discretion; therefore the judgment appealed from is reversed, and plaintiff's demand is rejected and dismissed at its costs.