BRUNOT, J.
 

 Plaintiff is a notary public. Defendant is clerk of court and ex officio recorder for the parish of Jefferson. This suit is for a writ of mandamus directing the defendant to issue to the plaintiff certain conveyance certificates which are mentioned in the petition, or, in the alternative, for an injunction prohibiting the defendant from issuing such certificates to other persons. The petition alleges the existence of political differences between plaintiff and defendant and charges the defendant with favoritism in office because of said differences. It is also alleged that certain mortgage and conveyance certificates were applied for, and that defendant issued the mortgage certificates, hut declined to issue the conveyance certificates. The defendant excepted to the suit upon the ground that the petition did not disclose a right or cause of action.- The exception was submitted and sustained, and the suit dismissed. The appeal is from that judgment.
 

 The issuance of mortgage certificates to a notary public is provided for by O. C. art. 3364. The article is general in its application throughout the state. It is as follows:
 

 “Every notary who shall pass an act of sale, mortgage or donation of an immovable, shall be bound to obtain from the office of mortgages of the place- where the immovable is situated, a certificate declaring the privileges or mortgages which may be inscribed on the object of the contract, and to mention them in this act, under penalty of damages towards the party who may suffer by his neglect in that respect.”
 

 O. O. art. 2257, applies only to the register of conveyances for the parish of Orleans, and he is the only officer in Louisiana who is required, by any law of this state, to issue certificates of conveyance. The article reads:
 

 “It shall be the duty of the register of conveyances of the parish of Orleans, to keep his office in as central a situation as possible, and in a brick house, and to keep his record book open to the inspection of all persons, and to deliver to them certificates of the inscriptions that may have been made, if they require the same. Such certificates, when signed by the register and sealed with the seal of office, which it shall be the duty of the register to keep, shall be received in courts of justice in evidence in the same manner as all other public acts.”
 

 It is apparent that the issuance of certificates of conveyance by the clerks of court and ex officio recorders of the parishes is purely discretionary with such officers.
 

 Mandamus is a legal, and not an equitable, proceeding. It rests upon the legal rights of the relator on the one hand and the legal obligations and duties of the respondent on the other. It cannot be predicated solely upon the equitable rights and obligations existing between the parties.
 

 “Where the duty to be performed is judicial or involves the exercise of discretion upon the part of the tribunal or officer, mandamus will lie to compel such tribunal to take some action in the premises and exercise its judgment or discretion. But the function of the writ is merely to set in motion. It will not direct how the duty shall be performed or the discretion exercised. To do so would be to substitute the judgment and discretion of the court issuing the mandamus for that of the court or officer to whom it was committed by law. No particular act can be commanded, and if the discretion is to act or not to act at all mandamus will not lie.” 19 Am. & Eng. Ency. of Law, pp. 732-734.
 

 
 *813
 
 There being no law of this state requiring clerks of court and ex officio recorders to issue certificates of conveyance, said officers may, at their option, issue, or refuse to issue, such certificates, and, in either event, their action cannot be controlled by mandamus. There is an unbroken line of authorities holding that the' purpose of the writ of mandamus is to .enforce, not to create, legal duties, and a similar line of authorities holding that:
 

 “Mandamus is only intended to enforce a clearly recognized right and compel the performance of a ministerial duty with respect to that right.” State ex rel. St. Martin v. Police Jury of St. Charles Parish, 29 La. Ann. 146; State ex rel. Fix v. Herron, 29 La. Ann. 848; State ex rel. Pasley v. Recorder of Mortgages, 32 La. Ann. 1306.
 

 In the case of State ex rel. Texarkana, S. & N. Ry. Co. v. Smith, 104 La. 370, 29 So. 40, this court said:
 

 “A writ of mandamus will not lie unless the action desired is of absolute obligation on the part of the person sought to be coerced; and the relator must show not only a clear legal right to have the. thing done, but to have it done in the manner and form in which he desires the respondent to perform it.”
 

 In the case of State ex rel. Mahan v. Dubuclet, 22 La. Ann. 602, it was held that:
 

 “In all cases where an officer of the state * * * has a discretionary power to do or not to do any act coming within the range of his duties as an officer, the writ of mandamus will not lie from a court of justice to compel him to pei’form such an act.”
 

 Accepting the allegations of the petition as true, we do not think that the plaintiff has alleged a right of action, and the trial judge properly sustained the defendant’s exception. As plaintiff has no- right of action, for the reason that it is discretionary with clerks of country parishes to issue or not to issue conveyance certificates, plaintiff’s alternative contention that we may control the exercise of the clerks’ discretion, in such matters, by injunction, seems too untenable to require serious consideration.
 

 For the reasons stated, the judgment appealed from is affirmed, at appellant’s cost.