208 So.2d 369 (1968)
STATE of Louisiana ex rel. Noel R. HAYES et al.
v.
LOUISIANA STATE BOARD OF BARBER EXAMINERS.
No. 7265.
Court of Appeal of Louisiana, First Circuit.
March 4, 1968.
Rehearing Denied April 8, 1968.
Writ Refused May 17, 1968.
*370 Peter J. Compagno, Joseph A. Taranto, Severn T. Darden, New Orleans, for appellant.
Carlos G. Spaht, of Kantrow, Spaht, Weaver & Walter, Baton Rouge, for appellee.
Before LOTTINGER, ELLIS and CUTRER, JJ.
ELLIS, Judge.
Plaintiffs herein, twelve in number, brought this suit against the State Board of Barber Examiners alleging that they were desirous of enrolling in a barber college at night in order to become licensed barbers in this State. They allege that they are family men, and must work during the day to support their families. They allege that they are eligible for Veteran's benefits for education, but that they are unable to complete the barber curriculum in the time prescribed by law. They further allege that they applied to the Board for an extension of time within which to complete the course of study, but that their request was denied by the Board.
The petition further sets forth that the plaintiffs commenced, or intended to commence, a course in barbering at Katy's Barbering College in New Orleans, pursuant to certain letters written by the Board to Katy's, authorizing part time attendance. They further allege that the authorization for part time attendance was revoked by the Board's letter of July 25, 1966. All three of these letters are attached to the petition herein. They further allege that the Board abused its discretion in not permitting them an extension of time, and pray for a writ of mandamus ordering the Board to grant them a reasonable period of time in which to complete the required course of instruction.
An exception of no cause of action was filed by the Board, and after a hearing, the exception was maintained and the complaint dismissed. From the judgment dismissing their suit, plaintiffs have taken this appeal.
R.S. 37:363 provides, among other things, that a course of instruction in a barber college shall consist of not less than 2000 hours, completed within twelve months, with no more than 8 hours to any one working day. R.S. 37:366 provides that the Board may, in its discretion, extend for a reasonable period, the time within which any course of instruction shall be completed by any student, upon the showing of good cause. It further provides that application for an extension of time must be made to the Board in writing.
It is apparent that the action sought to be imposed on the Board is one which is discretionary and not ministerial in nature. We are unable to find any authority in the Code of Civil Procedure to compel the performance of a discretionary act by a public officer or board. The provisions of the Code are as follows:
"Art. 3861 Mandamus is a writ directing a public officer or a corporation or an officer thereof to perform any of the duties set forth in Articles 3863 and 3864.
"Art. 3862 A writ of mandamus may be issued in all cases where the law provides no relief by ordinary means or where the delay involved in obtaining ordinary relief may cause injustice.
"Art. 3863 A writ of mandamus may be directed to a public officer to compel the performance of a ministerial duty required by law, or to a former officer or his heirs to compel the delivery of the papers and effects of the office to his successor."
*371 However, it is contended by the plaintiffs that there has been a gross abuse of this discretion and that in such a case the writ of mandamus will lie. In support of this proposition, they cite State ex rel. Torrance v. City of Shreveport, 231 La. 840, 93 So.2d 187 (1957). The rule relied on by relators is apparently a creature of the jurisprudence, not having been based on the appropriate provisions of the Code of Practice of 1870 when adopted by our Courts. See State ex rel. Mayor, etc., of Town of Donaldsonville v. Judge, 35 La.Ann. 637 (1883); State ex rel. Denis v. Shakespeare, Mayor, 43 La.Ann. 92, 8 So. 893 (1890); State ex rel. Galle v. City of New Orleans, 113 La. 371, 36 So. 999 (1904); State ex rel. Thurmond v. City of Shreveport, 124 La. 178, 50 So. 3 (1909); State ex rel. People's State Bank v. Police Jury, 154 La. 389, 97 So. 584 (1923); Charbonnet v. Board of Architectural Examiners, 205 La. 232, 17 So.2d 261 (1944). However, the rule was not inconsistent with the codal provisions. See Articles 829 et seq., Code of Practice of 1870.
On the other hand, the provisions of Articles 3861 and 3863 of the Code of Civil Procedure preclude such an interpretation. In addition, it is apparent from the comments to those articles that the jurisprudential rule relied on by relators was not retained. Comment (e) under Article 3861 states that the term "duty" in that article is limited to those duties specified in Articles 3863 and 3864. Article 3864 deals with corporations and corporate officers, and Article 3863 limits the use of mandamus to "compel the performance of a ministerial duty required by law * * *." Comment (b) under the latter article reads as follows:
"The following rules established by the jurisprudence are retained:
"Mandamus will issue only when there is a clear and specific right to be enforced or a duty which ought to be performed. It never issues in doubtful cases. It may be used only to compel the performance of purely ministerial duties. State ex rel. Hutton v. City of Baton Rouge, 217 La. 857, 47 So.2d 665 (1950); State ex rel. Loraine, Inc. v. Adjustment Board, 220 La. 708, 57 So. 2d 409 (1952)."
We think that the legislature has rejected the use of mandamus to compel the performance of any discretionary duty by a public officer or board, even in cases in which there has been an abuse of that discretion. We recognize that there have been contrary expressions in other circuits since the adoption of the Code of Civil Procedure, and with these expressions we must respectfully disagree. See Lambert v. La Bruyere, 154 So.2d 466 (La.App. 4 Cir. 1963); Lamartiniere v. Daigrepont, 168 So.2d 373 (La.App. 3 Cir. 1964); Deville v. City of Oakdale, 180 So.2d 556 (La. App. 3 Cir. 1965).
For the above reasons, we are of the opinion that the judgment appealed from is correct and it is affirmed at appellants' cost.
Affirmed.